## J. A. SCHOOLCRAFT V. THE STATE.

No. 17906. Delivered February 12, 1936.

The opinion states the case.

*Tom M. Miller,* of Graham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft of an automobile of the value of more than fifty dollars; punishment, two years in the penitentiary.

Appellant pleaded guilty, and filed an application for a suspended sentence. His case was heard before the court March 18, 1935, but after hearing the testimony and the argument the case was taken under consideration by the court, and judgment entered, fixing the punishment at two years and denying the suspension of sentence, on March 27th.

As preliminary to his plea, appellant filed a written and sworn request that he be permitted to waive his trial by jury, in compliance with Art. 10a, C. C. P., which authorizes acceptance of pleas of guilty, in felony cases less than capital, by the

judge of the court, under conditions prescribed in said article. Said conditions require, in part,—that the entry of such plea be with the consent and approval of the judge, and the duly elected and acting attorney for the State. It is further provided that the consent and approval of the judge shall be entered in the minutes of the court, and that the consent and approval of the State's attorney shall be in writing, duly signed by said attorney, and filed in the papers of the cause before the defendant enters his plea of guilty. There is no contention here but that the State's attorney did, in writing, file before the entry of appellant's plea his duly signed consent and approval to such plea before the court,—but appellant urges error in that the approval and consent of the judge was not entered in the minutes until nine days after the trial of appellant herein. We fail to see merit in appellant's complaint in this regard.

Evidently it was the legislative purpose to have a permanent record in the minutes of the court of the judge's approval and consent, but the minutes of a court of record are not prepared or approved as to the proceedings in a given case before the case is tried, but afterward, as was done here. The requirement that written consent and approval be filed before the acceptance of the plea,—applies only to that of the State's attorney and not to that of the judge. The minute entry of the judge's consent and approval was duly made, as appears from this record, and the fact that it was not entered until nine days after appellant's trial seems to us subject to no objection. It appears plain that the acceptance of appellant's waiver of a jury, and the entry of his plea of guilty before the court,—would of necessity evidence the court's approval and consent to such action, this being said merely to make obvious the correctness of our conclusion that the legislature had no intent to require as a condition precedent to such plea the minute entries referred to. We do not understand that appellant takes the position here that the trial court may not hear the evidence, and then take under consideration the judgment to be entered by him, and that he may not at a later date of the term, appellant and his counsel being present, duly enter such judgment as seems proper.

The fact that a companion case against another party involved in the car theft which forms the basis of the charge against this appellant, was tried in the same court after appellant's trial, and before the entry of judgment in the instant case,—seems to us to afford appellant no just ground of com-

plaint, and we see no merit in appellant's exception to the refusal of the trial court to enter judgment herein before hearing the testimony in the companion case referred to. Nor can we accept as facts the conclusions set out in some of appellant's bills as his grounds of objection to such refusal. Appellant urges that the evidence heard in such companion case was highly prejudicial to him, but he supports this by no certified showing of the facts then heard.

We are not in accord with appellant's claim that the evidence in this case is not sufficient to support the conviction. In addition to his plea of guilty it was shown that he showed the officers where the stripped parts of the alleged stolen automobile could be found, and the record shows that he took the witness stand and admitted carrying the men, whom he said actually stripped the car, to the place where it was taken, and that he waited for them, and then carried them and the stripped parts of the car away.

There is a matter in this record to which attention must again be called. We have considered appellant's bills of exception, most of which were marked refused by the trial judge, who made no explanation on any of said bills, and gave no reason for his such refusal to approve same. Some opinions of this court in the past might be found holding that in such case the bills so marked refused should not be considered, but more often and in later cases, and as we think those best considered, it has been uniformly held that the trial court should not content himself with merely marking a bill of exceptions "Refused," but if there be some such reason for his refusal as that there was in fact no such exception taken, or that the procedure complained of was not in fact had, then the trial court might mark such bill "Refused" and accompany his refusal with a statement of his such reasons over his signature. Otherwise and generally we are impelled to give effect to the requirement of subdivision 7 of Art. 2237, Revised Civil Statutes, 1925, which plainly provides that if the proffered bill be incorrect, the judge shall suggest to the party or his counsel such corrections as he deems necessary therein, which, being agreed to, he shall make same, and sign and file the bill; but, as is further stated in subdivision 8 of said article, if the party refuse to agree to such suggested corrections, the judge shall endorse on the bill his refusal, and *shall prepare, sign and file with the clerk a bill of exceptions in lieu of the one tendered,* which will correctly present the ruling as the judge states it to have actually occurred, in which case the party

appealing may resort to his bystanders' bill, if not satisfied with that so prepared and filed by the court. See Donohue v. State, 90 Texas Crim. Rep., 541, referred to and quoted along with other cases on the point in Smith v. State, 121 Texas Crim. Rep., 228. As said by Judge Hawkins in McCarty v. State, 107 Texas Crim, Rep., 589: "We have repeatedly called attention to the statutes controlling in such matters and again patiently point them out, hoping that eventually this court will be relieved of the embarrassment of finding bills in the record in the condition here occurring."

Having considered appellant's bills of exception, both those marked "Refused" as well as all others, and finding in none of same reversible error, the judgment will be affirmed.

*Affirmed.*