**Joseph GUILLORY, Petitioner and Appellant,**

v.

**Lawrence E. WILSON, Warden; Louis S. Nelson, Warden; State of California, et al., Respondents and Appellees.**

**No. 22411.**

United States Court of Appeals
Ninth Circuit.

Sept. 25, 1968.

Joseph Guillory, in pro per.

Thomas C. Lynch, Atty. Gen., Derald E. Granberg, Joyce F. Nedde, Deputy Attys. Gen., San Francisco, Cal., for appellees.

Before HAMLEY and MERRILL, Circuit Judges, and CURTIS, District Judge.

CURTIS, District Judge:

This is an appeal from a decision of the District Court denying appellant's petition for writ of habeas corpus and also denying his petition for rehearing.

Appellant was arrested on a charge of possession of heroin. This charge was subsequently dismissed during trial for the reason that the prosecution refused to reveal the name of the informer and the search and the seizure of the evidence were determined to be unlawful. However, at the time of the arrest the appellant allegedly offered the arresting officer the sum of $1,500.00 to release him. When the charge of possession was dismissed, the appellant was then charged with attempting to bribe an officer in violation of California Penal Code § 67. Appellant was subsequently convicted of this offense and sentenced to imprisonment for the term prescribed by the California law. His conviction was affirmed by the California District Court of Appeal in People v. Guillory, 178 Cal.App.2d 854, 3 Cal.Rptr. 415, 80 A.L.R.2d 1077, and a subsequent motion to vacate was denied.

Thereafter, the petitioner has filed writs of habeas corpus in the Superior Court of Marin County, No. 14385, which was denied October 25, 1966; the California District Court of Appeal, No. 1/Criminal 5031, which was denied March 30, 1965, and No. 1/Criminal 5906, denied September 16, 1966; and California Supreme Court No. 11595, denied October 8, 1967. On October 26, 1966, he filed a petition for writ of habeas corpus in the United States District Court, which was denied and from which denial he now appeals.

The petitioner, appears in propria persona raising a multitude of issues, only a few of which appear to merit reply.

Appellant contends that his hearing-aid batteries had run down at the time of trial so that he could not hear the proceedings and that by reason of that fact, he has been deprived of the effective aid of counsel guaranteed under the Sixth and Fourteenth Amendments and that he has also been deprived of the right of confrontation with witnesses against him.

■ This same contention was made before the California District Court of Appeal, which had before it the entire record of trial proceedings. It appears that the trial court attempted to accommodate the appellant by allowing him and his counsel to sit in the jury box, near the witness. No further objection was made, and there was no indication that appellant was having any difficulty hearing. In this respect the District Court of Appeal concluded: "The record does not support the claim [that the defendant could not hear the proceedings] factually or legally. * * * It is quite apparent that any difficulty defendant may have had in following proceedings was self-induced." There appears nothing before this court which the District Court of Appeal did not have before it, and we, therefore, agree with its determination of this contention.

Appellant argues that he was denied the protection of the Fourth Amendment because of the unlawful search and seizure which resulted in his attempted bribery conviction.

This same argument was made before the District Court of Appeal, in reply to which the court said:

"The heroin and instrumentalities taken at the time of arrest were never offered or received in evidence at the bribery trial, nor was any effort made to ascertain the identity of the informer. If the entrance into the house

where defendant was arrested was not justified (the officers had no arrest or search warrant), or if the narcotic arrest was perchance unlawful, the tort or combination of torts had spent their force and had nothing to do with the crime of bribery except as they furnished the setting for it. The attempt to bribe the officers arose after the search and seizure were over and after the arrest was made. It came spontaneously from defendant, not only at the house where he was arrested but also at the police station. Only the intervening unregenerate heart of defendant could have produced it. * *

"Moreover, the validity of the narcotic arrest or the search and seizure attendant upon it is of no consequence in this bribery case, for the officer was acting within his general authority and believed himself entitled to make the search, the arrest, and to hold the prisoner. * * * " People v. Guillory, 178 Cal.App.2d 854 at 856, 857, 3 Cal.Rptr. 415, at 417.

■ Appellant argues that his statement upon which his bribery conviction rests was coerced and, as such, should not have been admissible. But the record fails to show that in making these statements the appellant was motivated by anything other than a strong desire to escape the consequences of his own unlawful act. This is not coercion within the meaning of the rule excluding admissions and confessions so induced. The test in such cases is whether the defendant's will was overborne at the time he confesses. Chambers v. State of Florida, 309 U.S. 227, 60 S.Ct. 472, 84 L.Ed. 716; Watts v. State of Indiana, 338 U.S. 49, at 52, 53, 69 S.Ct. 1347, 93 L.Ed. 1801; Leyra v. Denno, 347 U.S. 556, 74 S.Ct. 716, 98 L.Ed. 948.

■ Furthermore, the statement with which we are here concerned is not an admission or confession, but is language used in the commission of a new and separate crime. The cases dealing with coerced confessions and admissions are inapposite.

■ Appellant further contends that he was denied a speedy trial in that the alleged offense occurred April 27, 1958, and that he was not tried until June 8, 1959. It does not appear when appellant was arrested, nor does it appear that he made any objection to such delay prior to the filing of this petition. Since he was on bond in the interim, no prejudice has been shown or even alleged. The District Court rightly dismissed this argument as "conclusionary and without substance".

■ Defendant urges that § 67 of the California Penal Code is unconstitutional for vagueness and in any event is not applicable to him. The statute [1] however does comply with constitutional requirements in that it does give a person of "ordinary intelligence fair notice that his contemplated conduct is forbidden". Bouie v. City of Columbia, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964); United States v. Harriss, 347 U.S. 612 at 617, 74 S.Ct. 808, 98 L.Ed. 989 (1954). The applicability of this code section to petitioner could hardly be more clear.

Appellant suggests in various places throughout his petition that he was not given adequate representation by counsel at his trial. The District Court has considered each of these contentions and concludes that the petitioner has failed to allege facts which would indicate that his counsel had failed to render reasonably effective assistance or that the whole course of the proceedings was a denial of fundamental fairness. Brubaker v. Dickson, 310 F.2d 30 (9th Cir. 1962). With this conclusion we agree.

■ Finally, appellant argues that the District Court erred in refusing to pass

---

1. § 67. Bribes; giving or offering to executive officers; punishment

Every person who gives or offers any bribe to any executive officer in this State, with intent to influence him in respect to any act, decision, vote, opin-ion, or other proceeding as such officer, is punishable by imprisonment in the State prison not less than one nor more than 14 years, and is disqualified from holding any office in this State.

upon appellant's contention, made for the first time upon a motion for rehearing before the District Court, that at the time of his arrest he was suffering from severe withdrawal symptoms as a result of his narcotic addiction and that, therefore, his offer to bribe the police officers was an involuntary act. Since this issue had not been previously raised in the state court, the District Court properly refused to pass upon it. Although this contention raises a question as to the involuntariness of appellant's statements, a federal evidentiary hearing is not required under Townsend v. Sain, 372 U.S. 293 at 317, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Since adequate state postconviction remedies still exist, the courts of the State of California should have an opportunity to pass upon this claim.

Since appellant has failed to establish any grounds sufficient to justify the granting of the writ of habeas corpus, the decision of the District Court should be affirmed.