**Roland Wayne WRIGHT, Plaintiff-Appellee,**

v.

**Walter E. CRAVEN, Warden, Defendant-Appellant.**

**No. 71–1949.**

United States Court of Appeals, Ninth Circuit.

June 19, 1972.

Don Jacobson, Deputy Atty. Gen. (argued), Don Johnson, Deputy Atty. Gen., Evelle J. Younger, Atty. Gen., San Francisco, Cal., for defendant-appellant.

Charles G. Miller (argued), of McKenna & Fitting, San Francisco, Cal., for plaintiff-appellee.

Before KOELSCH, HUFSTEDLER and GOODWIN, Circuit Judges.

PER CURIAM:

■ The District Court, in this habeas corpus action, ruled that under California law an admission by a defendant of prior felony convictions, where those convictions are to be used to enhance his sentence on the present offense, is the "functional equivalent" of a plea of guilty to a separate charge [see, Womack v. Craven, 431 F.2d 1191, 1192 (9th Cir. 1970)], and, therefore, it may not be accepted unless the defendant understands the consequences of the admission. We are in accord with the analysis of the court in its well-reasoned opinion, reported at 325 F.Supp. 1253.

 After conducting an evidentiary hearing, the District Court found that petitioner Wright was not aware of the consequences of his admission of prior convictions, and granted the writ. As the findings are supported by the evidence, we affirm the judgment for the reasons stated in the District Court opinion.

Affirmed.[1]

---

1. We note that the writ granted by the District Court merely sets aside petitioner's admission, and bars the State of California from imposing habitual offender punishment based upon that admission. As in cases where guilty pleas are vacated, the State is not precluded by this judgment from conducting further proceedings on the issue.