Joe Nell JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 46348.

Court of Criminal Appeals of Texas.

June 13, 1973.

Rehearing Denied July 3, 1973.

Jack M. Yates (On appeal only), Abilene, for appellant.

Ed Paynter, Dist. Atty., Abilene, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is assault with intent to murder with two prior noncapital felony convictions alleged for enhancement; the punishment, life.

The sole question presented for review is the sufficiency of the evidence to show that appellant was the same person who had been convicted in the prior convictions alleged for enhancement.

At the punishment stage of the trial when the State read the remaining allegations in the indictment (containing the two prior convictions alleged for enhancement) the court called upon appellant to plead to such allegations to which appellant plead "true". This Court has recently in O'Dell v. State, 467 S.W.2d 444, and Gray v. State, 493 S.W.2d 236, held that a contention that the evidence is insufficient to support the enhancement portion of the indictment is waived by a plea of "true" thereto. By such a plea we hold that appellant waived any variance in the description of the appellant contained in the prison packages. The fingerprints were shown to be identical and a witness identified appellant as being the same person who had been convicted in one of the prior convictions alleged for enhancement.

Finding the evidence sufficient to support the conviction, the judgment is affirmed.