**Robert Dale BERNATH, Petitioner-Appellant,**

v.

**Walter E. CRAVEN, Warden, Folsom State Prison, Respondent-Appellee.**

**No. 73-3553.**

United States Court of Appeals, Ninth Circuit.

Nov. 19, 1974.

J. Frank McCabe, of McCabe & Wilhelm (argued), San Francisco, Cal., for petitioner-appellant.

Roy C. Preminger, Deputy Atty. Gen. (argued), Los Angeles, Cal., for respondent-appellee.

OPINION

Before DUNIWAY, INGRAHAM,[*] and WALLACE, Circuit Judges.

PER CURIAM:

■ This appeal from the district court's refusal to grant petitioner's writ of habeas corpus presents the issue whether our decision in Wright v. Craven, 461 F.2d 1109 (9th Cir. 1972), should be applied retroactively. In *Wright,* this court held that where a defendant's admission of a prior felony conviction can be used to enhance his sentence, the admission is the functional equivalent of a plea of guilty, and is valid only if the defendant is aware of the consequences of his admission. Concluding that the rule enunciated in *Wright* should be given prospective application only, we affirm.

While out on parole for a conviction for voluntary manslaughter, petitioner

---

* Honorable Joe McDonald Ingraham, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

Robert Dale Bernath was apprehended and charged for the unlawful possession of marijuana. Bernath decided to enter a plea of guilty to the charge alleging the illegal possession of marijuana, but when he entered his plea, he admitted committing the prior offense of voluntary manslaughter. There is no evidence that Bernath recognized that his admission to the prior conviction could be used to increase the period of incarceration for the marijuana offense. He now argues that the prior offense was used by the trial court to increase his sentence from one to two years, and that at the time of the admission he was unaware of this possible consequence. Although it is not entirely clear from the record that the trial court did enhance appellant's sentence, our decision that *Wright* is not retroactive makes it unnecessary to pass on this issue.

The Supreme Court has imposed specific, precautionary requirements on federal and state trial courts to insure protection of an accused's rights. McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); Boykin v. Alabama, 395 U.S. 238 (1969); *see* Heiden v. United States, 353 F.2d 53 (9th Cir. 1965) (in banc). Because of the important constitutional rights that are relinquished by a defendant who enters a guilty plea, the Court has required strict adherence to a procedural litany between the court and the acceptance of an admission similar to accused to be sure that the defendant is aware of the impact of what he is doing. In order for the defendant to validly waive these constitutional protections, he must recognize the consequences that a guilty plea might have on him. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

Like the entering of a guilty plea, an admission to a prior offense is also a waiver of fundamental constitutional rights, privileges and immunities. Because of this similarity between a guilty plea and an admission to a prior offense with regard to the waiving of constitutional rights, this court has termed the admission to a prior offense as the *functional equivalent* of a guilty plea and has imposed protective measures on the those imposed on the acceptance of a guilty plea. Wright v. Craven, *supra; see* United States v. Ingram, 477 F.2d 236 (7th Cir. 1973); Cancino v. Craven, 467 F.2d 1243 (9th Cir. 1972).[1] In re Yurko, 10 Cal.3d 857, 519 P.2d 561, 112 Cal.Rptr. 513 (1974). Among these measures is the requirement that the accused must be aware of the consequences of his admission, such as the possible enhancement of punishment imposed for a separate criminal offense.

■ In view of the similarity between entering a guilty plea and an admission to a prior offense, and the similarities between the precautions taken to protect the rights of the accused in both instances, we find equally analogous those cases that hold the precautionary guilty plea procedures to be applied prospectively only. For the same reasons that the courts have concluded to give these protective measures prospective application only, our decision in Wright v. Craven, *supra*, will be given only prospective effect. Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969); Dominguez v. Henderson, 447 F.2d 207 (5th Cir. 1971); Smith v. Cox, 435 F.2d 453 (4th Cir. 1970); United States ex rel. Rogers v. Adams, 435 F.2d 1372 (2nd Cir. 1970); Miller v. Missouri, 431 F.2d 120 (8th Cir. 1970); Perry v. Crouse, 429 F.2d 1083 (10th Cir. 1970); Moss v. Craven, 427 F.2d 139 (9th Cir. 1970); United States ex rel. Hughes v. Rundle, 419 F.2d 116 (3rd Cir. 1970). Since petitioner

---

1. It might be argued that our decision in *Cancino* gave retroactive application to the rule set forth in *Wright*. In *Cancino* a panel of this court held that an evidentiary hearing must be conducted to determine, among other issues, whether the defendant was aware of the consequences of an admission to a prior offense entered in 1962. But since the *Cancino* court did not specifically discuss the issue of retroactivity, we feel that a decision on that issue, which is resolved today, was still open.

# 1246

admitted to the voluntary manslaughter offense on August 10, 1971, and our decision in *Wright* was rendered on June 19, 1972, the principle enunciated there is of no assistance to him.[2]

Affirmed.

---

2. With regard to petitioner's other contentions, the district court properly held that Bernath has failed to exhaust his state remedies because these contentions were not raised in the California courts. Guillory v. Wilson, 402 F.2d 34 (9th Cir. 1968). Petitioner points out that the government cannot raise the defense of failure to exhaust state remedies for the first time on appeal. Parker v. Comstock, 404 F.2d 746 (9th Cir. 1968). But the way in which petitioner has articulated his claim in the state courts, and then rearticulated that claim in this court, was sufficient to in effect change the substance of his argument. For example, petitioner originally argued in the federal district court that he was denied effective assistance of counsel based on allegations of a failure to challenge an illegal search, the admission of certain evidentiary testimony of his parole officer, and the alleged absence of a ruling on his motion to suppress the evidence in state court. The question of competency of counsel was never raised in state courts, and the district court properly declined to consider the issue. On appeal, however, he states each of these contentions as a separate legal argument. Because petitioner has so substantially restated his contentions as to effectively press a different argument, the respondent's initial raising of the defense of failure to exhaust state remedies is a sufficient reply to petitioner's arguments in this court.