**John Julius SESSER, Plaintiff-Appellant,**

v.

**J. B. GUNN, Defendant-Appellee.**

**No. 74–3424.**

United States Court of Appeals, Ninth Circuit.

Jan. 28, 1976.

Rehearing and Rehearing En Banc Denied March 16, 1976.

---

Ronald Van Leachman (argued), San Francisco, Cal., for plaintiff-appellant.

James D. Hurwitz, Deputy Atty. Gen. (argued), San Francisco, Cal., for defendant-appellee.

## OPINION

Before BROWNING and SNEED, Circuit Judges, and JAMESON,* District Judge.

PER CURIAM:

Appellant, a state prisoner, appeals from an order of the district court denying his petition for habeas corpus. We reverse.

On February 1, 1973, appellant was charged with two counts of robbery in an information filed in the Superior Court of Alameda County, California. The information also alleged that appellant had been convicted of three prior felonies. The purpose of the latter allegation was to bring into play California Penal Code § 644, which provides that a person convicted of a felony who has been convicted of three prior felonies shall be adjudged a habitual criminal and imprisoned for life.

Initially, appellant pleaded not guilty to the robbery charges and stood mute as to the charge of prior felony convictions. He was rearraigned on April 2, 1973, and admitted the prior convictions. Subsequently, he was sentenced to state prison as a habitual criminal on the basis of a jury verdict of guilty on the robbery charges and his admission of the prior convictions.

After exhausting state remedies, appellant filed his petition for a writ of habeas corpus in the district court, claiming that his adjudication and sentence as a habitual criminal were constitutionally defective because he had not been admonished on the record of the consequences of his admission of the prior felony convictions.

On June 19, 1972, we held in *Wright v. Craven*, 461 F.2d 1109 (9th Cir. 1972),

---

* Honorable William J. Jameson, Senior United States District Judge, District of Montana, sitting by designation.

that an admission of prior convictions alleged to obtain an adjudication and sentencing under California Penal Code § 644 was the "functional equivalent" of a plea of guilty to a separate charge, and that under the principles announced in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), such an admission may not be accepted unless the record reflects that it was made with a full understanding of its consequences. In *Bernath v. Craven*, 506 F.2d 1244 (9th Cir. 1974), we held that the decision in *Wright v. Craven* was to be applied prospectively only; that is, only to admissions of prior felony convictions that were made after the date *Wright v. Craven* was filed. Appellant's admission, as we have said, was made April 2, 1973, nine months after *Wright v. Craven.*

Almost a year after appellant's admissions, on March 7, 1974, the Supreme Court of California in *In re Yurko*, 10 Cal.3d 857, 112 Cal.Rptr. 513, 519 P.2d 561 (1974), adopted the rule this court had announced in *Wright v. Craven.* The California Supreme Court further held that its decision was to be applied only to admissions received after the date of the filing of *In re Yurko.*

In rejecting appellant's petition for habeas corpus in this case, the district court reasoned that *Wright v. Craven* rested upon the premise that an admission of prior convictions was the equivalent of a guilty plea; that the existence of this equivalence was a question of state law; that the Supreme Court of California is "clearly the final expositor of state law"; and that the Supreme Court of California "found that equation to exist after March 7, 1974." Because appellant's admission was received prior to March 7, 1974, the district court concluded that it was not equivalent to a guilty plea under state law, and, therefore, that appellant need not have been informed on the record of the consequences of his admission.

The equivalence referred to in *Wright v. Craven* was explained in *Bernath v. Craven* :

Like the entering of a guilty plea, an admission to a prior offense is also a waiver of fundamental constitutional rights, privileges and immunities. Because of this similarity between a guilty plea and an admission to a prior offense with regard to the waiving of constitutional rights, this court has termed the admission to a prior offense as the *functional equivalent* of a guilty plea and has imposed protective measures on the [acceptance of an admission similar to] those imposed on the acceptance of a guilty plea.

506 F.2d at 1245.

■ Thus, the decision in *Wright v. Craven* does not rest upon the characterization the state attaches to an admission of prior felonies; it rests rather upon the consequences such an admission has under state law. The Attorney General of California recognizes that an admission of prior felony convictions has the consequences attributed to it in *Wright v. Craven* ; the Supreme Court of California recognized the accuracy of this description in *In re Yurko.* The rule that follows under the United States Constitution because of these consequences is a rule of federal law.

The Attorney General of California argues, however, that California courts are not required to accept the decision in *Wright v. Craven.* The Attorney General points out that California courts have long held that "although we are bound by the decisions of the United States Supreme Court interpreting the federal Constitution, we are not bound by the decisions of the lower federal courts even on federal questions." *People v. Bradley*, 1 Cal.3d 80, 86, 81 Cal.Rptr. 457, 460, 460 P.2d 129, 132 (1969) (citations omitted). The Attorney General argues that to grant appellant's petition would force Ninth Circuit decisional law upon a tribunal not subject to its appellate jurisdiction and thereby violate principles underlying our federalism.

■ The jurisdiction of federal district courts to issue writs of habeas corpus on petition of state prisoners is origi-

nal, not appellate (*Fay v. Noia*, 372 U.S. 391, 407, 409, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963)), though our jurisdiction over the decisions of the district courts in such cases is appellate. 28 U.S.C. § 2253. California's failure to be persuaded by *Wright v. Craven* does not discharge federal district courts from their responsibility to determine and apply federal constitutional law in proceedings properly before them under the federal habeas corpus statute. *Townsend v. Sain*, 372 U.S. 293, 318, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); *Brown v. Allen*, 344 U.S. 443, 459, 73 S.Ct. 397, 97 L.Ed. 469 (1953); *id.* at 506–08, 73 S.Ct. 397 (Frankfurter, J., concurring). Nor does it discharge us from our duty to determine and apply federal law in the exercise of our appellate jurisdiction over federal district courts.

As Justice Frankfurter said in his concurring opinion in *Brown v. Allen, supra,* 344 U.S. at 510, 73 S.Ct. at 448.

> Insofar as this jurisdiction enables federal district courts to entertain claims that State Supreme Courts have denied rights guaranteed by the United States Constitution, it is not a case of a lower court sitting in judgment on a higher court. It is merely one aspect of respecting the Supremacy Clause of the Constitution whereby federal law is higher than State law. It is for the Congress to designate the member in the hierarchy of the federal judiciary to express the higher law. The fact that Congress has authorized district courts to be the organ of the higher law rather than a Court of Appeals, or exclusively this Court, does not mean that is allows a lower court to overrule a higher court. It merely expresses the choice of Congress how the superior authority of federal law should be asserted.

*United States ex rel. Lawrence v. Woods*, 432 F.2d 1072 (7th Cir. 1970), relied upon by the Attorney General of California, is not in point. The court there decided that a state court need not follow an inferior federal court decision on a question of federal constitutional law in a subsequent case arising in the state court. Distinguishing the question before us, the court said, "Of course in a given factual setting when a lower federal court has jurisdiction over the subject matter and the parties, its adjudication is the law of the case and its judgment is binding on all other courts, subject only to the appellate process." *Id.* at 1076.

 The state urges us, in the interest of comity, to conform the effective date of the rule announced in *Wright v. Craven* to that fixed by the Supreme Court of California for the rule announced in *In re Yurko*. While under certain circumstances such deference might well be appropriate, federal courts have no discretion to decline to apply a federal constitutional rule to a case such as this in which the operative facts occurred after the rule was announced.

Reversed and remanded.