**Phillip Ray STORY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 66954, 66955.**

Court of Criminal Appeals of Texas, Panel No. 1.

April 15, 1981.

Dennis I. Leeds, Irving, for appellant.

Henry Wade, Dist. Atty., Gilbert P. Howard, Rick Russell, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for State.

Before ONION, P. J., and ROBERTS and ODOM, JJ.

## OPINION

ODOM, Judge.

These are appeals from orders revoking probation. These orders were predicated on appellant's commission of the offense of criminal mischief. Punishment was assessed for each of the primary offenses at six years' confinement.

In his first ground of error appellant contends that the primary offense for which he was convicted is void. He argues that the conviction is void since the trial court approved his "waiver of jury trial," "agreement to stipulate," and "application for probation" simultaneously with his order granting probation. These were all contained in one instrument, and the trial court's signature appears once, at the very bottom of the instrument in question.

Appellant argues that the consent by the court to his waiver of the right to trial by jury must be entered in the record before the guilty plea is accepted. We do not read Art. 1.13, V.A.C.C.P., to impose that requirement. The sentence of that article involved here reads:

> "The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea."

The requirement that consent and approval be filed before the entry of the plea applies to the consent and approval by the prosecutor, not to the consent and approval by the trial court. *Schoolcraft v. State*, 129 Tex. Cr.R. 908, 91 S.W.2d 361. This ground of error is overruled.

We likewise reject the ground of error which contends that no sentence appears in the record. The record reveals otherwise.

Appellant's next four grounds of error attack the sufficiency of the evidence. The State presented evidence that appellant cut and slashed the tires on the complaining witness' truck without the consent of the complaining witness causing damage to the

tires in excess of $200.00. This evidence was sufficient to revoke appellant's probation. Further, the fact that appellant's girlfriend confessed to the offense established only a conflict in the evidence. The trial court is the exclusive trier of fact in revocation of probation proceedings, and his resolution of the facts against appellant presents no abuse of discretion. These grounds of error are likewise overruled.

The judgments are affirmed.