Sidney Stuart SYLVESTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 59135.

Court of Criminal Appeals of Texas,
Panel No. 1.

May 13, 1981.

R. V. Hebisen, Houston, for appellant.

Carol S. Vance, Dist. Atty., William W. Burge and Eugene M. Nettles, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P.J., ROBERTS and DALLY, JJ., and KEITH, Commissioner.

## OPINION

KEITH, Commissioner.

Appellant was indicted for burglary of a building with intent to commit theft as set out in V.T.C.A., Penal Code § 30.02(a)(1), and the indictment contained an enhancement paragraph charging one prior felony conviction. He entered a plea of not guilty but the jury found him to be guilty. He then pleaded "true" to the enhancement paragraph, and the jury fixed his punishment at confinement for twenty years.

Counsel does not challenge the sufficiency of the evidence to support the conviction. However, we will summarize the evidence very briefly. The owner of the filling station which was entered testified that he closed his place of business around five in the afternoon; that he was called by police while at his residence about three o'clock the next morning. When he arrived at his place of business, a door had been pried open and merchandise, consisting principally of canned motor oil, had been moved into a position just inside the doors of the station.

Police Officers Beashears and Draper were riding in a patrol car in the area when they noticed a man coming out of the unlighted service station. As they came to a stop near the door, appellant broke and ran in an attempt to escape but was captured after going about a half block. He had what Officer Beashears described as a "four-point crowbar" in his right hand. Officer Draper called the instrument a "star tire tool."

The officers, in their search, found a pair of pliers, a screwdriver and a small wrench in appellant's pockets. The officers testified that the door to the station had been "jimmied." The owner testified that he did not give anyone, including appellant, permission to enter his building.

Appellant did not testify nor did he offer any evidence on either phase of the bifurcated trial.

■ Appointed counsel, in his first ground of error, charges that the indictment was fatally defective because of failure to allege a culpable mental state. There was no motion to quash or other objection to the indictment in the trial court so that appellant labors under a difficult burden in urging the contention on appeal for the first time. *American Plant Food Corporation v. State*, 508 S.W.2d 598 (Tex.Cr.App.1974), and its progeny.

The substantive offense of burglary was charged in the indictment, the pertinent allegations being set out in the margin.[1] Appellant relies, inter alia, upon *Ex parte Winton*, 549 S.W.2d 751 (Tex.Cr.App.1977), and *Davila v. State*, 547 S.W.2d 606 (Tex.Cr. App.1977). Judge Onion discussed and distinguished the two cited cases, and others, in *Martinez v. State*, 565 S.W.2d 70, 71 (Tex.Cr.App.1978). The indictment in *Martinez*, supra, was in substantially the same language as that in the case at bar. Ground of error number one is overruled.

■ In his second ground of error, appellant complains that the Court's charge was fatally defective and fundamentally erroneous in that it did not include an instruction on the required culpable mental state. Again, we note that no objections to the charge were interposed in the trial court. The Court's charge included the necessary element of a culpable mental state, as set out in the indictment quoted earlier.[2]

1. It was charged that the appellant, on a specific date, "did then and there unlawfully with intent to commit theft, enter a building not then open to the public, owned by W.D. Hefley, hereafter styled the Complainant, without the effective consent of the Complainant."

2. The jury was instructed that they must find from the evidence beyond a reasonable doubt that the accused did enter a building not then open to the public, occupied, controlled, and in the possession of the complainant, owner, without the effective consent of said owner, with the intent then and there to commit theft, "then you will find the defendant guilty as charged." Unless they did so find beyond a reasonable doubt, they were instructed to find the defendant not guilty.

Appellant cites and relies upon two old cases by this Court,[3] which have been examined and found not to be in point.

Initially we note that the language used in the charge is that used in 7 Texas Practice, Willson's Criminal Forms § 11.01, at 65 (W. Morrison & T. Blackwell 8th Ed., 1977). The charge required the jury to find the requisite culpable mental state to sustain the conviction. *Teniente v. State*, 533 S.W.2d 805 (Tex.Cr.App.1976). Ground two is overruled.

Appellant contends, in his third ground of error, that the pen packet introduced by the State on the punishment hearing was not admissible, was prejudicial, and without prior predicate. The mere statement reveals its multifariousness and nothing is presented for review. *Rodriquez v. State*, 530 S.W.2d 944, 945 (Tex.Cr.App. 1975); *Williams v. State*, 605 S.W.2d 596, 599 (Tex.Cr.App.1980).

Should we reach the merits of the complaint, we perceive no error. Evidence of a prior criminal record is admissible by statute. Vernon's Ann.C.C.P., Art. 37.07, § 3(a) (Supp.1980–1981).

Nor do we agree with appellant's contention that, because his pleading of true constituted a judicial admission and a waiver of evidence of the prior conviction, he was injured by the admission of the pen packet. In any event, we find that such plea was a waiver of any such complaint. See and cf. *Jackson v. State*, 496 S.W.2d 93 (Tex.Cr. App.1973).

In a pro se brief, appellant challenges the sufficiency of the evidence to sustain the conviction. He asserts that the owner, Hefley, never stated "at time of the alleged burglary, [he had] 'care, custody, management or control' of the service station." We do not share appellant's view.

Hefley testified that the station had been in operation since he built it in 1954; that he closed up the station on the evening of December 20, 1976, at 5 o'clock "to relieve the nurse at home." He testified that he personally closed and securely locked the door on the station when he left the afternoon before the burglary. We find no merit to such complaint.

Appellant contends, in another ground of error in his pro se brief, that the trial court erred in failing to admonish him of the consequences attendant upon his pleading "true" to the enhancement paragraph at the punishment phase of the trial. He does not contend that he was coerced into so pleading, that his plea was not voluntary or that he did not understand the effect of his admission.

He argues that the trial court gave "conclusive effect" to the plea and simply instructed the jury to fix the punishment in accordance with the applicable statute. He contends, in effect, that before accepting a stipulation relating to the prior convictions or a plea of "true" to the enhancement count in the indictment, that the trial court must admonish and warn the accused in the manner provided for in accepting a plea of guilty to the substantive offense. See Vernon's Ann.C.C.P. Art. 26.13 (Supp. 1980–1981).

In support of this position, appellant cites two cases from the Ninth Circuit: *Wright v. Craven*, 461 F.2d 1109 (9th Cir. 1972), and *Sesser v. Gunn*, 529 F.2d 932 (9th Cir. 1976). The latter case, in turn, considers and comments upon a decision of the California Supreme Court *In re Yurko*, 10 Cal.3d 857, 112 Cal.Rptr. 513, 519 P.2d 561 (1974).

The rationale of the decision in *Wright v. Craven*, supra, was set out in *Sessor* in these words:

"[W]e held ... that an admission of prior convictions alleged to obtain an adjudication and sentencing under California Penal Code § 644 was the 'functional equivalent' of a plea of guilty to a separate charge, and that under the principles announced in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969),

**3.** *Hilliard v. State*, 37 Tex. 358 (1872), and *Adkins v. State*, 41 Tex.Cr.R. 577, 56 S.W. 63 (1900).

such an admission may not be accepted unless the record reflects that it was made with a full understanding of its consequences." (529 F.2d at 933–934).

We are unwilling to abandon the procedures which have been followed in this State for many years in favor of the rule adopted in the Ninth Circuit and the State of California. In *Matthews v. State*, 414 S.W.2d 938, 939 (Tex.Cr.App.1967), we held that Art. 1.15 of the Code of Criminal Procedure was inapplicable to such a plea entered at the punishment stage of the trial.

Similarly, in *Hasley v. State*, 442 S.W.2d 739, 740 (Tex.Cr.App.1969), the appellant contended that his stipulation admitting two prior convictions "was ineffective because it was done without a clear understanding of the consequences and only on the advice of his court appointed attorney."

This Court, speaking through the late Judge Morrison, disposed of the contention using this language: [4]

"The method of proving prior convictions alleged for enhancement employed in the case at bar has been approved by this Court in *Gamez v. State*, Tex.Cr.App., 403 S.W.2d 418, Cert. Den. 386 U.S. 929, 87 S.Ct. 877, 17 L.Ed.2d 801."

Ground of error number five of appellant's pro se brief is overruled.

In his final complaint, appellant charges that his appointed counsel was "grossly ineffective," listing seven specific instances of claimed ineffectiveness. It is apparent that the ground of error is multifarious and presents nothing for review. See *Rodriquez v. State*, supra, 530 S.W.2d at 945; *Williams v. State*, supra, 605 S.W.2d at 599.

Having reviewed all of appellant's challenges to the conviction and, finding no merit therein, the judgment of the trial court is affirmed.

---

4. This statement of the rule has not been challenged although another and different facet of the holdings in *Gamez v. State*, 403 S.W.2d 418 (Tex.Cr.App.1966), has been overruled. See *Bell v. State*, 504 S.W.2d 498, 500–501 (Tex.Cr.App.1974).