David Bradley HARMES, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–81–00298–CR.

Court of Appeals of Texas,
San Antonio.

June 9, 1982.

Rehearing Denied July 26, 1982.

Discretionary Review Refused
Nov. 3, 1982.

Anthony Nicholas, San Antonio, for appellant.

Bill White, Dist. Atty., James L. Bruner, San Antonio, for appellee.

Before KLINGEMAN, BUTTS and CLARK, JJ.

## OPINION

KLINGEMAN, Justice.

Appellant was indicted for the offense of burglary of a building with intent to commit theft. Tex.Penal Code Ann. § 30.02 (Vernon 1974). The indictment contained an enhancement paragraph charging one prior felony conviction. After the trial court found him guilty of the alleged offense, appellant pleaded "true" to the enhancement paragraph and the trial court sentenced him to twenty-five (25) years confinement in the Texas Department of Corrections.

In his first ground of error appellant alleges that the trial court erred under the State and/or Federal Constitutions by accepting appellant's plea of "true" to the enhancement allegation without explaining the nature of the charge alleged therein or the consequences of such a plea. Appellant asserts that the precise issue before this court is whether there are enough differences between a plea of guilty to a substantive offense and a plea of "true" to an enhancement paragraph to relieve the trial judge from an obligation to admonish the defendant about the nature of the charge presented and the consequence of stipulating to an enhancement paragraph. Relying upon *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), for the requirement that the trial judge must admonish the defendant regarding the consequences of a guilty plea, appellant argues that the considerations giving rise to a need for admonishments when accepting a guilty plea are present when accepting a plea of "true" to an enhancement paragraph of the

indictment.[1] Further, appellant finds support for his argument in federal cases from the Eighth and Ninth Circuits which have held that the admission to a prior offense is the *functional equivalent* of a guilty plea and therefore requires protective measures similar to those imposed on the acceptance of a guilty plea. *See, Cox v. Hutto*, 589 F.2d 394 (8th Cir. 1979); *Sesser v. Gunn*, 529 F.2d 932 (9th Cir. 1976); *Bernath v. Craven*, 506 F.2d 1244 (9th Cir. 1974).

■ Appellant concedes that Texas law is not favorable to his position but maintains that the constitutional issues raised here have not been addressed by the Texas Court of Criminal Appeals. Citing *Preston v. State*, 457 S.W.2d 279 (Tex.Cr.App.1970), and *Crowder v. State*, 424 S.W.2d 637 (Tex. Cr.App.1968), appellant contends that the Court of Criminal Appeals has held merely that Tex.Code Crim.Pro. art. 26.13 (Vernon Supp.1982) does not expressly require the trial judge to admonish a defendant on the range of possible punishments where the defendant pleads "true" to an enhancement allegation.

We disagree with appellant's contention that the Court of Criminal Appeals has not addressed the constitutional issues presented here. In *Sylvester v. State*, 615 S.W.2d 734 (Tex.Cr.App.1981), the defendant argued "that before accepting a stipulation relating to the prior convictions or a plea of 'true' to the enhancement count in the indictment, that the trial court must admonish and warn the accused in the manner provided for in accepting a plea of guilty to the substantive offense. *See* Vernon's Ann. C.C.P. Art. 26.13 (Supp.1980–1981)." 615 S.W.2d at 736. In support of his position, the defendant in *Sylvester* cited two Ninth Circuit cases[2] and set out the rationale that the admission of prior convictions is the

---

1. Appellant argues that in both a guilty plea and a plea of "true" to an enhancement paragraph of an indictment the defendant abandons the same fundamental constitutional rights, stipulates to evidence which the prosecutor would otherwise have to prove beyond a reasonable doubt, and subjects himself to a more severe punishment than the one he would have received if the State's allegation had been successfully contested.

2. The defendant in *Sylvester v. State*, 615 S.W.2d 734 (Tex.Crim.App.1981), relied upon the Ninth Circuit cases of *Wright v. Craven*, 461 F.2d 1109 (9th Cir. 1972), and *Sesser v. Gunn*, 529 F.2d 932 (9th Cir. 1976). Appellant in the case at bar also relies upon *Sesser v. Gunn, id.*

*functional equivalent* of a plea of guilty to a separate charge and under the principles of *Boykin v. Alabama, supra,* " 'such an admission may not be accepted unless the record reflects that it was made with full understanding of its consequences.' " 615 S.W.2d at 736–37 (citing *Sesser v. Gunn,* 529 F.2d 932, 933–34 (9th Cir. 1976)).

In response to this argument the Court of Criminal Appeals stated that it was "unwilling to abandon the procedures which have been followed in this State for many years in favor of the rule adopted in the Ninth Circuit and the State of California" and overruled the defendant's ground of error based upon this argument. 615 S.W.2d at 737. Since appellant's argument in the case at bar is comparable to that addressed in *Sylvester v. State, supra,* we believe that the Court of Criminal Appeals has addressed the constitutional issues presented here and has determined that the procedures regarding pleas of "true" to enhancement allegations which have been continually followed in this state are constitutionally valid. *Sylvester v. State, supra. See also Harvey v. State,* 611 S.W.2d 108, 113 (Tex.Cr.App.1981). The first ground of error is overruled.

Appellant's second ground of error alleges that the trial court's failure to give its written approval to his consent to stipulations vitiated the stipulations thereby preventing them from being considered in the punishment phase of the trial. Further, appellant complains in his third ground of error that the trial court's failure to give its written approval to appellant's waiver of constitutional rights vitiated that waiver, thereby preventing appellant's plea of "true" to the enhancement paragraph from being voluntary.

After appellant was found guilty of the alleged offense of burglary of a building with intent to commit theft, he entered a plea of "true" to the enhancement paragraph of the indictment and agreed to stipulate that the evidence which could be presented by the State during the punishment phase was true. A document entitled "Written Waiver and Consent to Stipula-tion of Testimony and Stipulations" was signed by appellant, appellant's attorney, and the attorney for the State and was filed in the file of the papers of the cause. The trial court, however, failed to enter a signature in the space designated to establish written approval by the trial court. As a result, appellant argues that there was not compliance with the mandatory requirement of article 1.15 that ". . . such waiver and consent must be approved by the trial court." *See* Tex.Code Crim.Pro. art. 1.15 (Vernon 1977). Therefore, appellant asserts that the trial court's failure to give written approval to his consent to stipulations and waiver of constitutional rights negates all evidence offered to substantiate the enhancement paragraph of the indictment and requires this court to reverse this cause as to the enhancement finding.

We disagree with appellant's contention. Both of these grounds of error are based upon the erroneous assumption that article 1.15 applies to the punishment stage of the trial. In *Sylvester v. State,* 615 S.W.2d 734 (Tex.Cr.App.1981), the Court of Criminal Appeals pointed out that it had held in *Matthews v. State,* 414 S.W.2d 938 (Tex.Cr. App.1967), that article 1.15 was inapplicable to a plea entered at the punishment stage of the trial. 615 S.W.2d at 737. We follow the holding of the Court of Criminal Appeals that article 1.15 does not apply to the punishment stage of the trial. Therefore, appellant's second and third grounds of error are without merit and are overruled.

Appellant's fourth ground of error alleges that his sentence was impermissibly enhanced by a prior conviction which was void because the trial court had never consented to nor approved appellant's jury waiver in said proceeding. Appellant asserts that the trial court must consent to and approve a defendant's jury waiver in order for it to be effective. Appellant contends that the trial judge in the case resulting in the prior conviction did not consent to the jury waiver and that no consent or approval by the court was entered of record on the minutes of the court. In the alternative, appellant contends that if the judgment is construed

as a consent and approval by the court, such consent and approval were not entered of record before he entered his plea of guilty as required by article 1.13. *See* Tex.Code Crim.Pro. art. 1.13 (Vernon 1977).

We disagree with both appellant's contentions and find that the prior conviction used for enhancement purposes in the case at bar is not void for either of the reasons he sets forth. In *Schoolcraft v. State*, 129 Tex.Cr.R. 608, 91 S.W.2d 361 (1936), the Court of Criminal Appeals stated

> ... that the acceptance of appellant's waiver of a jury, and the entry of his plea of guilty before the court would of necessity evidence the court's approval and consent to such action, ....

*Id.* 91 S.W.2d at 362. Thus, the acceptance of the jury waiver and the entry of the guilty plea by the court in the prior conviction used for enhancement purposes sufficiently evidences the court's consent and approval to meet the requirements of article 1.13. Further, appellant's second contention that such consent and approval must be entered of record before he entered his plea of guilty was addressed and rejected by the Court of Criminal Appeals in *Story v. State*, 614 S.W.2d 162 (Tex.Cr.App. 1981). In *Story*, the defendant argued "that the consent by the court to his waiver of the right to trial by jury must be entered in the record before the guilty plea is accepted." *Id.* at 163. Replying to this argument, the Court of Criminal Appeals stated that it did not read article 1.13 to impose that requirement. Specifically, the court stated

> The requirement that consent and approval be filed before the entry of the plea applies to the consent and approval by the prosecutor, not to the consent and approval by the trial court. *Schoolcraft v. State*, 129 Tex.Cr.R. 908 [608], 91 S.W.2d 361.

614 S.W.2d at 163. Appellant's fourth ground of error is overruled.

The judgment is affirmed.