Nos. 04-97-00187-CR and 04-97-00188-CR



Terry Lynn JACKSON,


Appellant



v.



The STATE of Texas,


Appellee



From the 226th Judicial District Court, Bexar County, Texas


Trial Court Nos. 87-CR-1826 and 87-CR-3861


Honorable Sid L. Harle, Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Tom Rickhoff, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: September 30, 1998


AFFIRMED

 Terry Lynn Jackson appeals the trial court's judgment revoking her probation. We affirm.

 Jackson pled guilty in 1987 to theft and was placed on ten years probation. In 1996, the terms
of Jackson's probation were amended. Jackson was ordered to report to Alpha Home, a drug and
alcohol treatment center, and to comply with all instructions given by Alpha Home. However, when
Jackson reported to Alpha Home, she was told no beds were available, and she was instructed to
maintain contact with the program director of Alpha Home so she could be placed in the facility at
the earliest possible time. Approximately two weeks later Jackson was notified that a bed had
become available and she was instructed to report to Alpha Home by 5:00 p.m. the next day. Jackson
failed to report to Alpha Home as instructed. The director of Alpha Home testified Jackson told her
she had more important things to do than come to treatment, while Jackson testified she could not
enter Alpha Home immediately because she did not have a babysitter. As a result of her failure to
report to Alpha Home when instructed, the State filed a motion to revoke Jackson's probation. The
trial court granted the State's motion and sentenced Jackson to five years imprisonment. Jackson
now appeals.

 We review an order revoking probation for abuse of discretion. Cardona v. State, 665 S.W.2d
492, 493 (Tex. Crim. App. 1984). The State must prove a violation of probation by a preponderance
of the evidence. Id. If the State does not meet this burden, a trial court abuses its discretion in issuing
an order revoking probation. Id. The trial court is the exclusive trier of fact and any conflicts in the
evidence must be determined by the trial court. Story v. State, 614 S.W.2d 162, 164 (Tex. Crim. App.
[Panel Op.] 1981). We therefore review the evidence in the light most favorable to the trial court's
judgment. Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981).

 Condition 13F of Jackson's probation required her to report to Alpha Home and "comply
with all instructions, directed by the head of or any authorized personnel of this agency." Jackson
was instructed by the program director of Alpha Home to check into the facility at a specific time.
She failed to comply with this order, and the trial court reasonably could have found she was able
but failed to do so because "she had more important things to do." Under these circumstances, we
hold the trial court did not abuse its discretion in revoking Jackson's probation, and therefore affirm
the judgment. See Flournoy v. State, 589 S.W.2d 705, 708-09 (Tex. Crim. App. [Panel Op.] 1979).



 Sarah B. Duncan, Justice

Do not publish



Return to
4th Court of Appeals Opinions