NUMBER 13-00-380-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


VICTOR RAMIREZ MORALEZ , Appellant,


v.


THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the 389th District Court

of Hidalgo County, Texas.

__________________________________________________________________


MEMORANDUM OPINION

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Rodriguez


Appellant, Victor Ramirez Moralez, is challenging his conviction for aggravated assault. See Tex. Pen. Code Ann. § 22.02
(Vernon 1994). A jury found appellant guilty, found the enhancement paragraph alleged in the indictment to be true, and
assessed punishment at twenty years imprisonment in the Institutional Division of the Texas Department of Criminal
Justice. By five issues, appellant complains of ineffective assistance of counsel; that there was a fatal variance between the
indictment and the proof; and, that the trial court erred in allegedly failing to admonish him as to the range of punishment
prior to accepting his plea of true to the enhancement paragraph in the indictment. We affirm.

As this is a memorandum opinion not designated for publication, and the parties are familiar with the facts, we will not
recite them here. See Tex. R. App. P. 47.1.

By his first three issues, appellant asserts he received ineffective assistance of counsel during his trial. The standard of
review for ineffective assistance of counsel was set out in Strickland v. Washington, 466 U.S. 668, 687 (1984); Hernandez
v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). First, trial counsel's performance must fall "below an objective
standard of reasonableness." Strickland, 466 U.S. at 687-88. Secondly, the appellant must prove that "the deficient
performance prejudiced the defense" by "a reasonable probability that, but for counsel's errors, the result of the proceeding
would have been different." Id. at 694. The reviewing court must presume that counsel is better positioned than the
appellate court to judge the pragmatism of the particular case, and that he made all significant decisions in the exercise of
reasonable professional judgment. Delrio v. State, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992); Moffatt v. State, 930
S.W.2d 823, 826 (Tex. App.-Corpus Christi 1996, no pet.). The record must contain evidence of counsel's reasoning, or
lack thereof, to rebut that presumption. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

Appellant first complains that his trial counsel was ineffective because he failed to make hearsay and relevancy objections
when Juan Carlos Rodriguez, the victim in this case, testified that Antonio Ramirez, appellant's friend, threatened him and
offered him a bribe not to testify against appellant.

Isolated failures to object to improper evidence do not constitute ineffective assistance of counsel. Moore v. State, 4
S.W.3d 269, 275 (Tex. App.-Houston [14th Dist.] 1999, no pet.) (citing Ingraham v. State, 679 S.W.2d 503, 509 (Tex.
Crim. App. 1984)). When claiming ineffective assistance for failing to object, an appellant must demonstrate that if trial
counsel had objected, the trial judge would have committed error in refusing to sustain the objection. Vaughn v. State, 931
S.W.2d 564, 566 (Tex. Crim. App. 1996); Brown v. State, 6 S.W.3d 571, 575 (Tex. App.-Tyler 1999, pet. ref'd). 
Furthermore, failure to object to admissible evidence does not constitute ineffective assistance of counsel. See Moore, 4
S.W.3d at 275. 

Here, defense counsel could have concluded that the complained-of testimony was offered for impeachment purposes, and
that an objection was not appropriate. A witness's prior inconsistent statement is admissible to impeach the witness, and
the trial court should be liberal in passing upon the admissibility of evidence of this nature. Smith v. State, 520 S.W.2d 383
(Tex. Crim. App. 1975). During trial, Ramirez testified that he had never offered a bribe or communicated a threat to
Rodriguez not to testify. The testimony of Rodriguez, about which appellant now complains, was used to show Ramirez
made those statements. Moreover, evidence used for impeachment purposes is relevant under Texas Rule of Evidence 402. 
See Tex. R. Evid. 402. Here, the complained of testimony was used to attack the credibility of Ramirez by showing that he
had a bias in favor of appellant. On this basis, the trial court could have concluded the evidence was relevant and, thus,
admissible. See Werner v. State, 711 S.W.2d 639, 643 (Tex. Crim. App. 1986) (determination of admissibility of evidence
is within sound discretion of trial court); Ramos v. State, 819 S.W.2d 939, 941 (Tex. App.-Corpus Christi 1991, pet. ref'd)
(same).

Appellant also contends counsel's assistance was ineffective because he failed to object to the prosecutor's closing argument
during the penalty phase of the trial. The State commented that Rodriguez "probably is going to be disfigured the rest of his
life. . . ." Appellant argues that this statement was not supported by the evidence.

The four permissible areas of jury argument consist of (1) summation of the evidence; (2) reasonable deduction from the
evidence; (3) an answer to argument of opposing counsel; or (4) plea for law enforcement. Wilson v. State, 938 S.W.2d 57,
59 (Tex. Crim. App. 1996). In making jury argument, wide latitude is allowed without limitation in drawing inferences
from the evidence, so long as the inferences drawn are reasonable, fair, legitimate, and offered in good faith. Gaddis v.
State, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988); Moreno v. State, 1 S.W.3d 846, 855 (Tex. App.-Corpus Christi 1999,
pet. ref'd). 

Rodriguez testified as to the severity of the injuries he sustained during the assault. He testified he still suffered numbness,
and that the doctor was not sure that the damaged nerve would grow together. Additionally, Officer Miguel Alcantar, the
crime scene investigator, testified that hitting someone in the face with an object, as in this case, could cause serious bodily
injury, or injury that creates a substantial risk of death or serious permanent disfigurement. Thus, defense counsel could
have determined that the comment made during closing argument was a reasonable inference from the evidence presented
at trial.

Having reviewed the record, appellant has offered no evidence, either from the trial court record or from a motion for new
trial, to rebut the presumption that his attorney made decisions in the exercise of reasonable professional judgment. Absent
any evidence to the contrary, counsel is presumed to have acted in a reasonably effective manner. See Strickland, 466 U.S.
at 689. Therefore, presuming counsel was better positioned than we are to judge the pragmatism of the particular case, and
that he made all significant decisions in the exercise of reasonable professional judgment, we conclude trial counsel's
performance did not fall "below an objective standard of reasonableness." See Delrio, 840 S.W.2d at 447. Appellant has
failed to meet his burden under the first prong of Strickland. Issues one, two and three are overruled.

By his fourth issue, appellant alleges that the State presented insufficient evidence to convict him of aggravated assault
because a fatal variance existed between the indictment as charged and the evidence presented at trial. A variance occurs
when there is a discrepancy between the wording in the indictment and the evidence presented at trial. Gollihar v. State, 45
S.W.3d 243, 246 (Tex. Crim. App. 2001). When the reviewing court is faced with a sufficiency of the evidence claim based
on a variance between the indictment and the proof, only a "material" variance will render the evidence insufficient and
require reversal. Id. at 257. A variance is material only if it operated to the defendant's surprise or prejudiced his
substantial rights. Id.

When reviewing such a variance, we must determine whether the indictment, as written, informed the defendant of the
charge against him sufficiently to allow him to prepare an adequate defense at trial, and whether prosecution under the
deficiently drafted indictment would subject the defendant to the risk of being prosecuted later for the same crime.

Id.

In the present case, the indictment reads:

Defendant, on or about the 11th day of December A.D., 1999, and before the presentment of this indictment, in Hidalgo
County, Texas, did then and there, intentionally and knowingly cause serious bodily injury to Juan Carlos Rodriguez, the
victim, by striking the said Juan Carlos Rodriguez with a deadly weapon, to wit: a glass, that in the manner of its use and
intended use was capable of causing death and serious bodily injury. . . .



Appellant complains that there is a fatal variance because the indictment charged him with committing aggravated assault
by hitting Rodriguez in the face with a glass and the evidence at trial established appellant had used a bottle. However,
even though Rodriguez testified that he thought he had been hit with a bottle, evidence was presented at trial to establish a
drinking glass was used. Officer Armando Garza testified that he saw a broken glass in the porch area near a big puddle of
blood. Officer Miguel Alcantar testified that he took pictures of both the broken drinking glass on the porch steps and of
the matching drinking glass inside the house. Further, Officer Alcantar collected the broken drinking glass from the crime
scene, logged it into the evidence locker for testing, and authenticated it at trial. Subsequently, the physical pieces of the
drinking glass were entered into evidence at trial. Moreover, an eyewitness to the assault, Antonio Ramirez, gave a
statement to the police stating that appellant had hit Rodriguez in the face with a drinking glass. 

The indictment referenced a glass and the evidence adduced at trial was that a glass was used, thus, there was no variance
between the language in the indictment and the evidence. Furthermore, even had there been a variance between the
indictment and the proof in this case, the variance would not have been a "material" variance. The indictment informed
appellant of the charge against him sufficiently to allow him to prepare an adequate defense at trial. Further, the indictment
did not subject appellant to the risk of being prosecuted later for the same crime. Appellant's fourth issue is overruled.

By his fifth issue, appellant alleges the trial court erred in failing to properly admonish him as to the proper range of
punishment before his plea of true to the enhancement paragraph during the punishment phase of the trial. Appellant also
argues that he should have been admonished by the trial court as to the consequences of pleading true to the enhancement
paragraph, pursuant to article 26.13 of the Texas Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 26.13
(Vernon 1989 & Supp. 2001).

There is no requirement under Texas law that a trial court must admonish a defendant of the consequences of pleading true
to an enhancement paragraph. See Harvey v. State, 611 S.W.2d 108, 112 (Tex. Crim. App. 1981); Brazell v. State, 828
S.W.2d 580, 582-83 (Tex. App.-Austin 1992, pet. ref'd). Furthermore, numerous courts, including the court of criminal
appeals, have concluded that the required admonishments contained with article 26.13 do not apply to a defendant's plea of
true to an enhancement paragraph. See, e.g., Harvey, 611 S.W.2d at 112; Sylvester v. State, 615 S.W.2d 734, 736 (Tex.
Crim. App. 1981); Griffin v. State, 764 S.W.2d 306, 307 (Tex. App.-Houston [1st Dist.] 1988, no pet.); Harmes v. State,
636 S.W.2d 513, 514-15 (Tex. App.-San Antonio 1982, pet. ref'd). Therefore, the trial court did not err in failing to
admonish appellant as to the range of punishment or to any other consequence related to appellant's plea of true to the
enhancement paragraph.

Even were we to conclude that a plea of true to an enhancement allegation should be guided by article 26.13, appellant was
not harmed by any such failure to warn. The court of criminal appeals has ruled that the failure to admonish a defendant
about the range of punishment is non-constitutional error that should be analyzed under section 44.2(b) of the Texas Rules
of Appellate Procedure. Aguirre-Mata v. State, 992 S.W.2d 495, 499 (Tex. Crim. App. 1999); see Tex. R. App. P. 44.2(b). 
Section 44.2(b) provides that non-constitutional errors that do not affect substantial rights must be disregarded. 
Furthermore, even when the record shows that the trial court delivered an incorrect admonishment about the range of
punishment, and the defendant's sentence lies within both the actual and misstated maximum, the trial court has
substantially complied with the statutory admonishment requirement and no harm results. Martinez v. State, 981 S.W.2d
195, 197 (Tex. Crim. App. 1998).

In this case, the jury sentenced appellant to serve a term of twenty years. This sentence was within both the non-enhanced
range for aggravated assault, a second degree felony, of not less than two to not more than twenty years in prison, and the
enhanced range of punishment of not less than five to not more than ninety-nine years. Tex. Pen. Code Ann. §§ 12.33,
12.42(b), 22.02(b) (Vernon 1994 & Supp. 2002). Therefore, even if we were to conclude the trial court's failure to warn
was error, appellant was not harmed because he received a sentence that was within the original non-enhanced range of
punishment for aggravated assault. Appellant's fifth point of error is overruled.

The judgment of the trial court is affirmed. 

NELDA V. RODRIGUEZ

Justice

Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 17th day of January, 2002.