**Ernest BROWN, Appellent,**

v.

**The STATE of Texas, Appellee.**

**No. C14–81–699–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 14, 1982.

Jimmy Phillips, Jr., Angleton, for appellant.

Jim Mapel, Angleton, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MILLER, Justice.

This is an appeal from a revocation of a probation. Appellant was convicted of the unauthorized use of an automobile on June 24, 1980 and received a five (5) year probated sentence. On October 20, 1980, appellant was arrested for burglary of a habitation. A hearing was held on the State's First Amended Petition to Revoke Probation on January 29, 1981, at which time the appellant pled not true. At the conclusion of the hearing the trial court revoked appellant's probation and imposed the five year sentence. Appellant gave timely notice of appeal. We affirm.

■ Appellant complains in his single ground of error the trial court erred in admitting evidence seized or obtained as the result of an illegal search. Specifically, appellant asserts there was insufficient probable cause to arrest him for the burglary, and that therefore, all evidence obtained as a result of that warrantless arrest was inadmissible. Since testimony as to the fruits of the search incident to the arrest of appellant was introduced at the probation revocation hearing, appellant claims his provation revocation must be reversed. We disagree. We hold the arresting police officer possessed sufficient probable cause to arrest appellant without a warrant and all evidence obtained as a result of the search incident to the arrest was admissible.

On October 20, 1980, Mr. Bill Lindsey noticed a man in his backyard facing his next door neighbor's house. A moment later Mr. Lindsey heard a crash and saw a window in his neighbor's house had been broken. Mr. Lindsey called the Freeport police and reported a burglary, and two police cars were dispatched to the scene. The first car, driven by Officer Steiner, went to Mr. Lindsey's house where a description of the suspect was obtained. The second car, driven by Officer Langley, approached Mr. Lindsey's house through a back alley. Officer Langley observed appellant come out from between two houses and proceed down the alley. At that time Officer Steiner radioed the description of the suspect, which fit appellant, to Officer Langley. Officer Langley arrested appellant and transported him to Mr. Lindsey's house, where a positive identification was made of appellant as the man seen prior to the breaking of the window. Appellant was searched as incident to the arrest and stolen jewelry was found on his person.

■ For a warrantless arrest to be legal, and evidence obtained as a result of a search incident thereto to be admissible,

probable cause must first exist. Article 14.03 of the Tex.Code Crim.Pro.Ann. provides:

Any peace officer may arrest, without warrant, persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace . . .

Article 14.04 of the Tex.Code Crim.Pro.Ann. reads as follows:

Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed and that the offender is about to escape, so that there is no time to procure a warrant such peace officer may, without warrant, pursue and arrest the accused.

The statutes and the case law clearly support a holding that probable cause to arrest existed under the facts of this case. The test for determining probable cause for a warrantless arrest as stated by the United States Supreme Court is:

The constitutional validity of the search in [a] case, then, must depend upon the constitutional validity of the [suspect's] arrest. Whether that arrest was constitutionally valid depends in turn upon whether, at the moment the arrest was made, the officers had probable cause to make it—whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.

*Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964). *Britton v. State*, 578 S.W.2d 685 (Tex.Cr.App.1979); *Law v. State*, 574 S.W.2d 82 (Tex.Cr.App. 1978). "The test as to probable cause is the information known to the officer who requests another officer to effect an arrest." *Law*, at 84. Officer Steiner received reasonably trustworthy information from Mr. Lindsey an offense had just been committed. That information was then relayed to Officer Langley. In *Tarpley v. State*, 565 S.W.2d 525 (Tex.Cr.App.1978) the Court of Criminal Appeals held Article 14.04 provides a police officer may make a warrantless arrest even though he does not possess probable cause himself. A police officer lacking probable cause may arrest "upon the basis of information relayed to him by another officer requesting that an arrest be made." *Id.* at 529. Information providing probable cause may be relayed over police radios. "Police broadcasts, based on probable cause, reporting a felony and a description of the suspect satisfy the requirements for a warrantless arrest under Article 14.04, V.A.C.C.P." *Law*, at 84. We hold, therefore, probable cause existed for appellant's arrest. This being the case, the information gained as a result of the search incident thereto was admissible.

Judgment affirmed.