**James Earl RYLES aka James Earl Riles, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–83–470CR.**

Court of Appeals of Texas, Houston (14th Dist.).

May 10, 1984.

Gary Polland, Houston, for appellant.
Calvin Hartmann, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION

ROBERTSON, Justice.

Trial was to the court on a plea of not guilty to a charge of burglary of a habitation; punishment was set at ten years con-

finement. Appellant's two grounds of error concern (1) effectiveness of jury waiver and (2) admissibility of evidence. We affirm.

Appellant labels his first ground of error: "[W]hether the record reflects an effective waiver of appellant's right to a jury trial." In support of this contention he argues the trial court failed to comply with the mandatory requirements of the statute and that a reversal is therefore mandatory.

■ A standard three part written jury waiver bearing the district clerk's file stamp was filed on the day of the trial and appears in the record. The first part is signed by the accused and recites that he, "in person and in writing in open court, and *with the consent and approval of the Court ...* waives the right of trial by jury." (emphasis supplied). This part is approved by the signature of appellant's attorney. The second part is the written consent and approval of the state's attorney to appellant's waiver of trial by jury. The third part reads:

> The above waiver of trial by jury having been made by the defendant and approved by the attorney representing the State, prior to the entering of a plea herein, is approved by the Court and is ordered filed in the papers of the cause. The Court's consent and approval of the waiver of trial by jury shall be entered of record on the minutes of the Court.

Judge Presiding

This written waiver was not signed by the judge and neither the docket sheet nor the judgment reflects his consent and approval of the waiver. In pertinent part TEX. CODE CRIM.PROC. Art. 1.13 provides:

> The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea.

We have found no case directly on point. Appellant argues *Lawrence v. State*, 626 S.W.2d 56 (Tex.Crim.App.1981) is applica-ble and dictates reversal. There the state's attorney had failed to sign the jury waiver. The court held that the statute requiring the prosecutor's signature was mandatory and voided the conviction. We believe this case has no bearing on any issue before us. While the customary practice is for the trial judge to sign the actual document signed by the accused, his attorney, and the prosecutor, this is not a requirement of the statute. The only requirement is that the consent and approval be entered in the "minutes of the court." Obviously the trial court would not have proceeded with the trial if he had not consented and approved of the waiver of trial by jury. We do not have the minutes of the court before us and we do not, therefore, know whether the court's consent and approval appears therein. This contention is raised for the first time on appeal. Had an issue been made in the trial court, the record could have been made complete. We are not authorized to assume a fact not shown by the record. Appellant's first ground of error is overruled.

■ In his second ground of error appellant complains of the trial court's refusal to "suppress evidence seized as a result of a wrongful arrest and subsequent search of a house without a warrant." We agree with the state that this ground is multifarious and we could overrule it without further discussion. We will, however, address the merits of the issues raised.

■ With respect to the "wrongful arrest" a brief summary of the facts will be helpful. A Mr. Ethridge testified that he saw three men carrying items down Worns Street at about noon on March 9, 1983. He observed the three men enter a vacant dilapidated house on nearby Orange Street and emerge empty handed. Thinking this suspicious he called the police. An Officer Strodtman arrived and as Ethridge described the three men, Ethridge saw the men walking down Market Street. Strodtman stopped the men, talked to them and advised them that they were "temporarily under arrest for burglary and theft." Eth-

ridge identified the three men as the men he had seen earlier and one of the three men turned out to be appellant, who Ethridge knew as a man from his neighborhood called Jake. Officer Strodtman went to the vacant house to investigate; amidst the dust, rubbish and mildew he found a microwave oven, portable radio, and World War II trench knife. Ethridge informed Strodtman that a nearby house had an open door indicating a possible theft. The owner of the house, Mr. Collier, was summoned and he identified the items found in the vacant house as missing from his house.

The state used four different types of evidence: Ethridge's observation of the appellant's actions, Ethridge's identification of the appellant, Strodtman's discovery of the items, and Collier's identification of the stolen items. It is clear that none of the above evidence was affected by appellant's arrest, whether legal or illegal. *United States v. Crews*, 445 U.S. 463, 473, 100 S.Ct. 1244, 1251, 63 L.Ed.2d 537 (1980). Ethridge had already recognized appellant as a person from the neighborhood, known as "Jake." The arrest did nothing to aid in this identification. Officer Strodtman searched the abandoned house because of Ethridge's observations prior to the arrest. Mr. Collier's identification of his property was totally unrelated to the arrest. This contention is without merit.

■ Appellant also complains of Officer Strodtman's entry into the vacant house without warrant. Appellant had no standing to raise such a complaint. *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). This ground of error is overruled.

The judgment is affirmed.

ELLIS, Justice, concurring.

I concur. I agree with the majority opinion, which states that without having the minutes before us we cannot determine whether the trial judge's consent to appellant's jury waiver is noted therein. However, in order to not render the requirement of Article 1.13, that this consent shall be entered in the court's minutes, without

meaning, I would suggest that the trial judge make this notation if it does not appear in the minutes. In *Schoolcraft v. State*, 129 Tex.Cr.R. 608, 91 S.W.2d 361, 362 (1936) the court said:

> Evidently it was the legislative purpose to have a permanent record in the minutes of the court of the judge's approval and consent, but the minutes of a court of record are not prepared or approved as to the proceedings in a given case before the case is tried, but afterward, as was done here. The requirement that written consent and approval be filed before the acceptance of the plea, applies only to that of the state's attorney and not to that of the judge. The minute entry of the judge's consent and approval was duly made, as appears from this record, and the fact that it was not entered until nine days after appellant's trial seems to us subject to no objection.

In our case, the trial judge could still make this notation in the minutes if it is absent. The failure to enter the trial judge's consent in the minutes is not harmful error where the record shows that he admonished the defendant of his right to a jury trial and acquiesced in the jury waiver by proceeding to trial without a jury. *Schoolcraft*, 91 S.W.2d at 362.

In our case, the trial judge apprised appellant of his right to a jury trial, was aware that appellant signed a jury waiver, and conducted the trial without a jury. From these circumstances we could conclude that the trial judge consented to appellant's jury waiver.