**Oscar Bernard THOMAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–83–471CR.**

Court of Appeals of Texas,
Houston (14th Dist.)

June 14, 1984.

Discretionary Review Refused
March 20, 1985.

Charles Baird, Houston, for appellant.

Calvin Hartmann, Asst. Dist. Atty., Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

SEARS, Justice.

Appellant was convicted of burglary of a habitation with intent to commit theft and was sentenced to five years confinement. He argues that his conviction must be re-

versed because TEX.CODE CRIM.PROC. ANN. art. 1.13 (Vernon 1977) (waiver of jury trial), was not complied with, the trial court denied his Motion to Suppress and did not conduct an identification hearing. We have carefully examined the record and affirm the conviction.

At about 1:00 p.m. on March 9, 1983, Leroy Ethridge and a friend observed Appellant and two other men each "toting something" down the street. At the time, Ethridge thought that one of the men was carrying a television set. Although he previously had seen them in the neighborhood, he was suspicious of them carrying things down the street in the middle of the day since there had been a recent burglary in the neighborhood. He called the police dispatcher and took his telephone out to the porch so that he could continue watching their activities. He then observed the three men enter a house which he knew was vacant and noticed they exited empty handed. At this point, he called the police dispatcher a second time. An officer arrived in response to this call.

Ethridge described the three men to the officer, and told the officer the name of one of the co-defendants, James Earl Ryles (a.k.a. Riles). The officer spotted them in the neighborhood, picked them up and brought them to Ethridge's house for identification.

The officer testified that the co-defendants looked like they were about to run as they noticed him approaching. He stopped next to them, told them that he had received a complaint from a man about three black males, fitting their descriptions, whom the man had observed near an abandoned house. He then told them that it was near the end of his shift and that he wanted to get the matter straightened out so he could go home. The three men voluntarily stepped to the rear of the patrol car, and after being informed that police policy required a search for weapons of any person entering a patrol car, each man handed him a pocket knife.

The officer and the three men proceeded to Ethridge's house and Ethridge identified

them. The officer then called for a backup unit to watch the men so that he could search the house. Ethridge told the officer that the men had deposited what they had been carrying in an abandoned house near the dead end of the street. The officer investigated the house in which he felt the property was most likely to be. He found a microwave oven, a portable radio and a World War II trench knife. These were the only items in the house which were not covered with dust and mildew. He removed the items to a patrol car and returned to Ethridge's house.

Meanwhile, a neighbor had informed Ethridge that the door was ajar on a house located on a street on which Ethridge had seen the co-defendants. Upon receiving this information, the officer investigated that house and discovered pry marks near the door lock. Another officer located the owner of that house and notified him that it was possible his house had been burglarized. The owner arrived, inspected his house and notified the officers that a microwave oven, a portable radio and a World War II trench knife were missing. The owner then identified the property found in the abandoned house.

In his first ground of error, Appellant alleges that the "record does not reflect an effective waiver of right to jury trial" because TEX.CODE CRIM.PROC.ANN. art. 1.13 (Vernon 1977), was not complied with. We disagree.

Appellant was tried jointly with his two co-defendants, James Earl Ryles (a.k.a. Riles) and Larry Peaterson. During pretrial proceedings the trial judge inquired of each co-defendant whether he understood what a trial by jury was and whether he desired to waived that right. Each co-defendant affirmatively answered both questions. At that time, the judge excused the District Attorney to get the waiver of trial by jury forms. Appellant, the defense attorney and the District Attorney signed the waiver form. The trial judge did not sign the form. Trial was to the court and punishment was set at five years confinement. Appellant appeals, alleging that art. 1.13

was violated because the court's approval of the waiver of jury trial was not entered of record on the court's minutes. Another panel of this court affirmed the conviction of a co-defendant in *Ryles v. State*, 676 S.W.2d 146 (Tex.App.—Houston [14th Dist.] 1984, no pet.). Aside from *Ryles*, we have not been cited to, nor have we found, a case directly on point.

■ Article 1.13 states that

The defendant in a criminal prosecution for any offense classified as a felony less than capital shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the *consent and approval* of the court, and the attorney representing the State. *The consent and approval by the court shall be entered of record on the minutes of the court*, and the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea. Before a defendant who has no attorney can agree to waive the jury, the court must appoint an attorney to represent him. (emphasis added).

The article requires that the consent of the accused and the state be in writing. The error caused by the failure of the State to sign the jury waiver form cannot be cured by subsequently signing the form or by testifying that the State consented. *Lawrence v. State*, 626 S.W.2d 56, 57 (Tex.Crim.App.1981). Although there is no requirement that the jury waiver form be signed by the court, it is clear that the court must consent and approve of such waiver and that such consent and approval shall be entered of record on the minutes of the court.

■ We find that the requirement of written consent by the State and by the defense are conditions precedent which must be complied with *before* presenting the waiver form to the court for approval. We find further the requirement that the "consent and approval by the court be en-

tered of record on the minutes of the court" is a condition subsequent which is a clerical function to be performed by the clerk of the court at the direction of the court.

■ Finally, we find that the fact that the court accepted the executed "waiver of trial by jury," ordered it filed with the papers of this cause and proceeded to trial without a jury, is a prima facie proof that the court consented to and approved of Appellant's waiver of trial by jury. *See Andrews v. State*, 636 S.W.2d 756 (Tex.App.—Beaumont 1982, no pet.).

The waiver of trial by jury form used in this case contains the following language:

The above waiver of trial by jury having been made by the defendant and approved by the attorney representing the State, prior to the entering of a plea herein, is approved by the Court and is ordered filed in the papers of the cause. *The Court's consent and approval of the waiver of trial by jury shall be entered of record on the minutes of the Court.* (emphasis added).

---

Judge Presiding

It is clear from the foregoing language that the court (1) approved of and consented to the waiver; (2) ordered the waiver filed in the papers of the cause; and, (3) ordered its consent and approval to be entered of record on the minutes of the court.

■ The clerk of the court complied with the court's instruction to file the waiver with the papers of the cause and it is found in the transcript. However, as in *Ryles*, the minutes of the court brought forward on appeal are not complete. Therefore, we are without knowledge of whether the clerk complied with the court's instruction to enter the court's consent and approval in the minutes of the court. Appellant has failed to present this court with a complete record and we cannot assume a fact that is not supported by the record. We must therefore presume the complete record of the minutes of the court would reflect the court's consent and approval of

the waiver of trial by jury, in compliance with art. 1.13. *See McCloud v. State*, 527 S.W.2d 885, 887 (Tex.Crim.App.1975). We note that if appellant had affirmatively shown the court's consent and approval was not entered of record in the minutes of the court, the appropriate remedy would be to abate the appeal and amend the minutes to comply with the instructions of the court. *See* TEX.CODE CRIM.PRO.ANN. art. 44.24(b) (Vernon Supp.1984). Ground of error one is overruled.

Appellant's second ground of error deals with the trial court's action in overruling his Motion to Suppress. He specifically argues that "[T]he arresting officer had no probable cause to justify a warrantless arrest" and that the evidence which was found after the arrest and introduced into evidence was "seized without a warrant from private property. [sic]" We hold the trial court correctly overruled the motion.

We focus first on the legality of the arrest. Appellant alleges he was illegally arrested because he was arrested without a warrant and had committed no offense in the arresting officer's presence or within his view, TEX.CODE CRIM.PROC.ANN. art. 14.01 (Vernon 1977); the officer did not have satisfactory proof that a felony had been committed and the offenders were about to escape, TEX.CODE CRIM.PROC. ANN. art. 14.04 (Vernon 1977); or he was not found in a suspicious place under a circumstance reasonably indicating that he had committed a felony. TEX.CODE CRIM.PROC.ANN. art. 14.03 (Vernon Supp.1984). We will address these contentions in the order presented.

■ It is undisputed that the officer observed none of the transactions which Ethridge related. However, Ethridge informed the police dispatcher of the incidents he was observing and the dispatcher in turn related this information to the officer. Further, the officer testified that, based on his experience, he considered Ethridge to be a credible person. These factors establish compliance with art. 14.04. *See Law v. State*, 574 S.W.2d 82 (Tex.Crim. App.1978); *Brown v. State*, 630 S.W.2d 322 (Tex.App.—Houston [14th Dist.] 1982, no pet.).

■ Appellant argues that art. 14.03 is inapplicable "because there is nothing inherently suspicious about members of a neighborhood walking down the street carrying something in broad daylight." As a general proposition, we agree. However, because Ethridge thought one of the men was carrying a television set, saw them deposit the property in an abandoned house and knew that at least one house in the neighborhood had been recently burglarized, we can and do find that Appellant was in a suspicious place under circumstances which reasonably showed that he was guilty of some felony. *See Sheffield v. State*, 647 S.W.2d 413 (Tex.App.—Austin 1983, pet. ref'd). Appellant's warrantless arrest was justified.

■ As to Appellant's argument that the fruits of the warrantless search of the abandoned house should have been suppressed, we need only note that since Appellant made no showing that he had any reasonable expectation of privacy in the house or that he had a right of ownership or possession of the house, he has no standing to challenge the validity of the search. *See Goehring v. State*, 627 S.W.2d 159 (Tex.Crim.App.1982); *Manry v. State*, 621 S.W.2d 619 (Tex.Crim.App.1981). The trial court was correct in overruling the Motion to Suppress. Ground of error two is overruled.

In his third ground of error, Appellant alleges that the trial court erred in failing to conduct an identification hearing. He specifically argues that he was denied "the opportunity to present clear and convincing evidence of tainted identification by Ethridge" citing *Johnson v. State*, 614 S.W.2d 148 (Tex.Crim.App.1981), for the proposition that such a hearing may be constitutionally necessary.

■ *Johnson*, as well as the other cases Appellant cites, involved a jury trial. Appellant's trial was to the court. The logical need for such a hearing, which is conducted outside the presence of the jury,

is not present if trial is not to a jury. In both cases the judge hears testimony relating to the identification issue. Appellant was afforded the opportunity to cross-examine the identification witnesses and to present his own witnesses; however, he chose not to do so. Further, he did not object to Ethridge identifying him at trial, and, has not even alleged how any prior identification may have tainted the in-court identification. Thus, Appellant has waived this ground of error. *Pete v. State*, 501 S.W.2d 683 (Tex.Crim.App.1973), *cert. denied*, 415 U.S. 959, 94 S.Ct. 1488, 39 L.Ed.2d 574 (1974). Ground of error three is overruled.

The conviction is affirmed.