Opinion issued July 8, 2004












In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00909-CR
____________


IPALIBO IKETUBOSIN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Court at Law No. 3 
Fort Bend County, Texas
Trial Court Cause No. 97724 




MEMORANDUM OPINION
            After a bench trial, the trial court found appellant, Ipalibo Iketubosin, guilty of
the offense of misdemeanor assault. See Tex. Pen. Code Ann. § 22.01(a), (b) (Vernon
Supp. 2004). After having a pre-sentence investigation report prepared, the trial court
assessed appellant’s punishment at one year in jail. We determine whether (1)
appellant was denied his right to a jury trial, (2) the evidence was legally and factually
sufficient to prove that appellant committed assault, (3) appellant received ineffective
assistance of counsel, and (4) appellant’s sentence was excessive. We affirm.
Background
           On January 6, 2002, appellant entered the bedroom of his brother, the
complainant, and took a jar of Vaseline. When the complainant tried to get the
Vaseline back, appellant hit the complainant with his fist and with the Vaseline jar. At
that point, one of the complainant’s and appellant’s sisters called the police. 
          After his arrest, appellant waived his right to a jury trial and agreed to be placed
on pretrial diversion. When appellant violated the terms of his pretrial-diversion
agreement, his case was set for trial.Right to a Jury Trial
          In his first point of error, appellant contends that the trial court erred by denying
him a jury trial without his having executed a written waiver.
          Texas Code of Criminal Procedure Article 1.13(a) provides, in relevant part, that
a defendant “shall have the right, upon entering a plea, to waive the right of trial by
jury, conditioned, however, that such waiver must be made in person by the defendant
in writing in open court with the consent and approval of the court, and the attorney
representing the State.” Tex. Code Crim. Proc. Ann. art. 1.13(a). 
          Appellant asserts that he never waived his right to a jury trial in open court, prior
to his plea, because the pretrial diversion packet, which contained a jury-trial waiver,
was admitted during trial, rather than pretrial, and then only for purposes of the record
and not as evidence of appellant’s guilt. Appellant also contends that the trial court
never determined if the jury-trial waiver was binding. However, article 1.13(a) does
not require that the waiver of jury trial be admitted as evidence at trial. Moreover, the
trial court would not have proceeded with a bench trial if it had not determined that
trial by jury had been waived. See Ryles v. State, 676 S.W.2d 146, 147 (Tex.
App.—Houston [14th Dist.] 1984, no pet.). Indeed, the judgment recited that appellant
had waived his right to a jury. That recitation is presumed correct in the absence of
direct proof of its falsity. Johnson v. State, 72 S.W.3d 346, 349 (Tex. Crim. App.
2002). There is no evidence in the record indicating that the recitation was false. 
Because appellant’s jury-trial waiver was part of the record and was acknowledged in
the trial court’s judgment, we hold that the trial court did not err in denying appellant
a jury trial.
          We overrule appellant’s first point of error.
Legal and Factual Sufficiency
          In his fourth point of error, appellant contends that the evidence was legally and
factually insufficient to prove that he assaulted the complainant. 
A.      Legal Sufficiency
          In performing a legal-sufficiency analysis, we must view the evidence in the light
most favorable to the conviction and determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). This standard “gives full play to the
responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh
the evidence, and to draw reasonable inferences from basic facts to ultimate facts.” 
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).
          Appellant contends that the State did not sufficiently prove that appellant
assaulted the complainant. To prove assault, the State must show that the defendant
intentionally, knowingly, or recklessly caused bodily injury to another. See Tex. Pen.
Code Ann. § 22.01(a)(1) (Vernon Supp. 2004). The information alleged that appellant
intentionally, knowingly, or recklessly caused bodily injury by pushing, choking, and
hitting the complainant. The police officer who interviewed the complainant the day
of the assault testified that the complainant’s mouth was bloody, his forehead was
swollen, and his glasses were broken. The officer further testified that the complainant
told him that appellant had chased him down, had gotten him in a headlock, had
punched him in the face with his fist, and had hit him in the head with the Vaseline jar. 
The complainant testified that appellant struck him in the face and that he started
bleeding, but that he did not remember whether appellant choked him. Viewing the
evidence in the light most favorable to the conviction, any rational trier of fact could
have found the essential elements of assault beyond a reasonable doubt. As a result,
we hold that the evidence was legally sufficient to support appellant’s conviction for
assault.
B.      Factual Sufficiency
          In reviewing the evidence on factual-sufficiency grounds, all of the evidence
must be reviewed neutrally, not in the light most favorable to the prosecution. 
Johnson, 23 S.W.3d at 6-7. The Court of Criminal Appeals has recently stated:
There is only one question to be answered in a factual-sufficiency review:
Considering all of the evidence in a neutral light, was a jury rationally
justified in finding guilt beyond a reasonable doubt? However, there are
two ways in which the evidence may be insufficient. First, when
considered by itself, evidence supporting the verdict may be too weak to
support the finding of guilt beyond a reasonable doubt. Second, there
may be both evidence supporting the verdict and evidence contrary to the
verdict. Weighing all evidence under this balancing scale, the contrary
evidence may be strong enough that the beyond-a-reasonable-doubt
standard could not have been met, so [that] the guilty verdict should not
stand. This standard acknowledges that evidence of guilt can
“preponderate” in favor of conviction but still be insufficient to prove the
elements of the crime beyond a reasonable doubt. Stated another way,
evidence supporting guilt can “outweigh” the contrary proof and still be
factually insufficient under a beyond-a-reasonable-doubt standard. 
 
Zuniga v. State, No. 539-02, 2004 WL 840786, at *7 (Tex. Crim. App. Apr. 21, 2004)
(footnote omitted). A proper factual-sufficiency review must include a discussion of
the most important evidence that supports the appellant’s complaint on appeal. Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). In a factual-sufficiency review,
the appellate court should not substitute its own judgment for that of the fact finder. 
Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996). 
          Appellant contends that he was defending himself from the complainant’s
attempts to take back the jar of Vaseline. The complainant testified that, when
appellant took the jar out of the complainant’s room, the complainant grabbed appellant
from behind in an attempt to take the Vaseline back. The complainant testified that
appellant never hit him with his fist, but that appellant elbowed him in the nose and
mouth and knocked his glasses off while trying to keep the Vaseline out of the
complainant’s reach. The complainant also testified that his forehead could have been
swollen because he hit a wall in the hallway while he and appellant fought for the
Vaseline.
          Conversely, the police officer testified that the complainant told him that
appellant had put him in a headlock, had punched him with his fist, and had hit him in
the head with the Vaseline jar. Reconciliation of conflicts in the evidence is within the
exclusive province of the trier of fact. See Heiselbetz v. State, 906 S.W.2d 500, 504
(Tex. Crim. App. 1995). The fact finder is entitled to judge the credibility of the
witnesses and may choose to believe all, some, or none of the witnesses’ testimony. 
Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991); Gowens v. State, 995
S.W.2d 787, 789 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d). The trial court, as
fact finder, could have chosen to believe the police officer’s testimony and to
disbelieve some or all of the complainant’s testimony. The testimony that the trial
court chose to believe was not too weak to support the finding of guilt beyond a
reasonable doubt, and the testimony that the trial court chose not to believe was not so
strong that the beyond-a-reaonable-doubt standard could not have been met. 
Accordingly, we hold that the evidence was factually sufficient to support appellant’s
conviction.
          We overrule appellant’s fourth point of error.
Ineffective Assistance of Counsel
          In his second point of error, appellant contends that his trial counsel was
ineffective under the constitutions of the United States and Texas, and under the Texas
Code of Criminal Procedure, because counsel failed to assert appellant’s right to a jury
trial and to object to the State’s introduction of appellant’s pending bad acts during
sentencing. See U.S. Const. amend. VI, XIV; Tex. Const. art. I, § 10; Tex. Code
Crim. Proc. Ann. arts. 1.05, 1.051 (Vernon Supp. 2004).
          The Court of Criminal Appeals has held that the Texas constitutional and
statutory provisions concerning ineffective assistance of counsel do not create a
standard that is more protective of a defendant’s rights than is the standard set out by
the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687, 104
S. Ct. 2052, 2064 (1984). Hernandez v. State, 726 S.W.2d 53, 56-57 (Tex. Crim. App.
1986). To establish ineffective assistance of counsel under the Strickland standard,
appellant must show that (1) counsel’s performance was so deficient that he was not
functioning as acceptable counsel under the Sixth Amendment and (2) but for counsel’s
deficient performance, the result of the proceeding would have been different. See
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Gamble v. State, 916 S.W.2d 92, 93
(Tex. App.—Houston [1st Dist.] 1996, no pet.). The constitutional right to counsel
does not mean errorless counsel or counsel whose competency is judged by hindsight. 
See Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991).
          Appellant contends that his counsel was ineffective because he did not assert
appellant’s right to a jury trial. Because appellant had already waived his right to a jury
trial, an objection on that basis would have been frivolous. An attorney’s failure to
make a frivolous objection does not constitute ineffective assistance of counsel. See
Cooper v. State, 707 S.W.2d 686, 689 (Tex. App.—Houston [1st Dist.] 1986, pet.
ref’d). 
          Appellant further asserts that his trial counsel was ineffective because, during
the punishment phase of the trial, counsel did not object to the State’s presentation of
appellant’s bad acts that had occurred prior to and after the assault in this case. A trial
court has broad discretion in determining the admissibility of evidence presented at the
punishment phase of trial. See Henderson v. State, 29 S.W.3d 616, 626 (Tex.
App.—Houston [1st Dist.] 2000, pet. ref’d). A trial court may admit evidence deemed
relevant to sentencing, including evidence of other crimes or bad acts, regardless of
whether the defendant has previously been charged with or finally convicted of the
crime or act. See Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp.
2004); Flores v. State, 125 S.W.3d 744, 746 (Tex. App.—Houston [1st Dist.] 2003, no
pet.). Therefore, evidence of appellant’s bad acts was properly admissible. A failure
to object to admissible evidence does not constitute ineffective assistance of counsel. 
Cooper, 707 S.W.2d at 689. Appellant thus failed to satisfy his burden under the first
prong of Strickland.
          We overrule appellant’s second point of error.
Cruel and Unusual Punishment
          In his third point of error, appellant asserts that the trial court’s sentence was
excessive and disproportionate to the offense and thus constituted cruel and unusual
punishment in violation of the Eighth Amendment. See U.S. Const. amend. VIII. 
          Constitutional rights, including the right to be free from cruel and unusual
punishment, may be waived. See Curry v. State, 910 S.W.2d 490, 497 (Tex. Crim.
App. 1995) (holding that appellant waived point of error concerning cruel and unusual
punishment by failing to object at trial). Appellant did not object to the severity of his
sentence during the trial or in a motion for new trial; appellant thus failed to preserve
his complaint for appellate review. See Solis v. State, 945 S.W.2d 300, 301-02 (Tex.
App.—Houston [1st Dist.] 1997, pet. ref’d).
          We overrule appellant’s third point of error. 
Conclusion
          We affirm the judgment of the trial court.
 
 
    Tim Taft
                                                                         Justice
 
Panel consists of Justices Taft, Jennings, and Wilkinson.



Do not publish. Tex. R. App. P. 47.2(b).