**Patrick Alan LOWELL, Petitioner–
Appellant,**

v.

**K.W. PRUNTY, Chief Deputy Warden;
Attorney General of the State of Cali-
fornia, Respondents–Appellees.**

No. 96–55478.

United States Court of Appeals,
Ninth Circuit.

Submitted July 29, 1996 *.

Decided Aug. 7, 1996.

Michael Tanaka, Deputy Federal Public
Defender, Los Angeles, California, for peti-
tioner-appellant.

Paul C. Ament, Deputy Attorney General,
Los Angeles, California, for respondents-ap-
pellees.

Before: HUG, Chief Judge, and
SCHROEDER and TASHIMA, Circuit
Judges.

PER CURIAM:

Patrick Alan Lowell, a California state
prisoner, appeals the district court's denial of
his 28 U.S.C. § 2254 petition. On April 24,
1996, while Lowell's request for a certificate
of probable cause (CPC) was pending in this
court, the President signed the Antiterrorism
and Effective Death Penalty Act of 1996 (the
Act). Section 102 of the Act amends 28
U.S.C. § 2253 to require a certificate of ap-
pealability (COA), instead of a CPC as re-
quired under pre-Act law. *See* Section 102
(amending 28 U.S.C. § 2253). Section
2253(c)(2) as amended provides that a COA
may issue only if the applicant has made a
substantial showing of the denial of a "consti-
tutional" right. *See id.; cf. Barefoot v. Es-
telle,* 463 U.S. 880, 892–93, 103 S.Ct. 3383,
3394–95, 77 L.Ed.2d 1090 (1983) (CPC may
issue upon substantial showing of denial of

* The panel unanimously finds this case suitable for
decision without oral argument. Fed. R.App. P.

34(a); 9th Cir. R. 34–4.

"federal" right). We granted a CPC in this case for the limited purpose of obtaining briefing on the following issues: (1) whether a COA is required in pending cases in which the notice of appeal was filed pre-Act but no CPC had issued as of the Act's enactment date; and, if so, (2) the standard for issuance of a COA.

In *Williams v. Calderon,* we indicated that the standard for obtaining a COA was "more demanding" than that required for a CPC, but then assumed, without deciding, that the amendments to 28 U.S.C. § 2253(c) do not apply to pending cases. *Williams v. Calderon,* 83 F.3d 281, 286 & n. 2 (9th Cir.1996) (unlike the special capital provisions of the Act, the Act's general habeas provisions do not expressly apply to pending cases).

The Tenth Circuit recently determined that the CPC and COA standards are the same and held that a COA is required for pending cases in which no CPC had issued as of the Act's enactment date. *Lennox v. Evans,* 87 F.3d 431, 434 (10th Cir.1996).

Lowell contends, inter alia, that his appeal should go forward because he has shown a substantial denial of a constitutional right. Specifically, he relies on *Wright v. Craven,* 461 F.2d 1109, 1109–10 (9th Cir.1972), and alleges that his admission to three prior convictions was neither knowing nor voluntary for he was never advised that admission of his priors would add six years to his sentence. The district court denied this claim, relying on *Adams v. Peterson,* 968 F.2d 835, 841 n. 4 (9th Cir.1992) (construing *Wright* to require only that a defendant knowingly and voluntarily made the admission), *cert. denied,* 507 U.S. 1019, 113 S.Ct. 1818, 123 L.Ed.2d 448 (1993). We need not resolve the tension, if any, between *Adams* and *Wright.* Lowell does not dispute the validity of his prior convictions. Therefore, the error, if any, was harmless. *See Brecht v. Abrahamson,* 507 U.S. 619, 628–30, 113 S.Ct. 1710, 1717, 123 L.Ed.2d 353 (1993). As no court could resolve Lowell's claim in a different manner, Lowell is not entitled to a CPC under pre-Act law. *See Barefoot,* 463 U.S. at 893 n. 4, 103 S.Ct. at 3394 n. 4.

We need not decide whether Section 102 of the Act, amending 28 U.S.C. § 2253(c), applies to pending cases. *Cf. Lennox,* 87 F.3d at 434; *Duldulao v. Immigration and Naturalization Service,* 90 F.3d 396, 398-99 (9th Cir. 1996) (concluding that Section 440(a) of the Act—precluding judicial review of deportation orders against aliens convicted of certain offenses—applies to pending cases).[1] Nor do we decide whether the Act's COA standard is "more demanding." *See Williams,* 83 F.3d at 286; *cf. Lennox,* 87 F.3d at 434. In cases such as this in which appellant does not meet the CPC standard under pre-Act law, a fortiori appellant could not meet a more demanding standard. The appeal is **DISMISSED**.