**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-10367

DAVID LEE HERMAN,

Petitioner-Appellant

VERSUS

GARY JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee

Application for Certificate of Probable Cause to Appeal
from the United States District Court
for the Northern District of Texas
October 10, 1996

Before DUHÉ, WEINER and STEWART, Circuit Judges.

JOHN M. DUHÉ, Circuit Judge:   David Lee Herman, sentenced to death for the murder of Jennifer Burns, seeks to appeal the district court's denial of his petition for writ of habeas corpus.  We dismiss his appeal.

## I.   Background

While robbing the Lace Club in Arlington, Texas, David Lee Herman shot three people.  One of the three, Ms. Burns, died.  Before Herman's trial for capital murder, his attorney asked the state trial judge to submit a fourth issue to the jury in the punishment stage of the trial.  The issue asked, "Do you find any

aspect of the defendant's character that would justify life in prison rather than death?" In the alternative, Herman's attorney asked that the trial court inform the parties what instructions the court would give the jury regarding the application of mitigating evidence in the punishment phase. The defense argued this information would be important to it during voir dire of prospective jurors. The court denied both defense requests, and stated it would properly instruct the jury as to mitigating evidence if mitigating evidence were later submitted.

At voir dire, both parties were allowed wide latitude to examine prospective jurors' attitudes towards the death penalty, their ability to understand and answer special issues, and their ability to consider mitigating evidence. Defense counsel repeatedly asked potential jurors what standard of proof they would use to determine if mitigating evidence presented for Herman was sufficient to support a sentence of life imprisonment rather than death. The prosecution successfully objected to these questions on the ground they were irrelevant to qualification as a juror, since the standard of evidence used to evaluate mitigating evidence is a legal standard and not a factual matter appropriate for voir dire.

Herman now argues his voir dire was impermissibly restricted so that he was deprived of his right to intelligently use his peremptory challenges. He contends this deprivation impaired his rights to due process and the effective assistance of counsel under the Fifth, Sixth, Eighth and Fourteenth Amendments.

Herman exhausted his direct appeals, was denied <u>certiorari</u> by

the United States Supreme Court, and unsuccessfully sought relief through Texas habeas proceedings. Herman then sought federal habeas relief. The district court denied the habeas petition and denied Herman's application for certificate of probable cause. Herman now petitions this court for that certificate.

## II. Application for Certificate of Probable Cause to Appeal

Herman did not move for Certificate of Probable Cause with this court, instead filing a notice of appeal of the district court's denial of his petition for writ of habeas corpus. In the past, a habeas petitioner sentenced to death who files a notice of appeal has had his notice treated as an application for a certificate of probable cause. Jones v. Whitley, 938 F.2d 536, 538 (5th Cir. 1991). Since Herman requested a certificate of probable cause from the district court, and his appellate brief requested a certificate of probable cause to appeal, we treat his notice of appeal to this court as a request for a certificate.

## III. Application of the Antiterrorist and Effective Death Penalty Act of 1996

On April 24, 1996, the President signed the Antiterrorist and Effective Death Penalty Act of 1996 ("the Act"), which amends the procedures to be followed by habeas petitioners who wish to appeal denial of their application for habeas relief.[1] Previously, petitioners were required to obtain a certificate of probable cause

---

[1] Herman filed his notice of appeal on April 4, 1996.

3

("CPC") to appeal. Under the amended law, petitioners must obtain a certificate of appealability ("COA") instead.

The Act requires an appellate court grant a COA "only if the applicant has made a substantial showing of the denial of a *constitutional* right." 28 U.S.C. § 2253(c)(2) (emphasis added). A CPC could only be issued if a substantial showing of the denial of a *federal* right was made. Barefoot v. Estelle, 463 U.S. 880, 103 S.Ct. 3383 (1983). Whether the requirements for a COA should apply to pending applications for a CPC has already been the subject of some discussion in other circuits.

The Second and Tenth Circuits both recently held the Act applicable to pending applications for certificates of probable cause. Reyes v. Keane, 90 F.3d 676, 679-81 (2nd Cir. 1996); Lennox v. Evans, 87 F.3d 431 (10th Cir. 1996). The Reyes court explained that "the substantive standard for a COA is the same as the standard for the prior CPC." 90 F.3d at 680.

The Ninth Circuit has stated otherwise, noting in discussion of another section of the Act that the COA standard is more demanding than that for a CPC. Williams v. Calderon, 83 F.3d 281, 286 (9th Cir. 1996). However, that court has twice specifically declined to address whether the Act applies to pending applications. Id. at 286; Lowell v. Prunty, 91 F.3d 1358 (9th Cir. 1996). The Lowell court noted the earlier language in Williams that commented stricter criterion exist for issuing a COA than a CPC. It then, however, refused to officially hold a COA imposed a higher standard than a CPC. The court only went so far as to

4

accept the view that if a petitioner could not make a showing sufficient for issuance of a CPC, he could not receive a COA: "In cases such as this in which appellant does not meet the CPC standard under pre-Act law, a fortiori appellant could not meet a more demanding standard." Id. at 1359.

While we make no determination whether the standards for issuance of a COA are higher than the standards for a CPC, nor whether COA applies to pending appeals of denial of habeas, we hold Appellant made no showing he was denied either a federal or constitutional right. He therefore failed to meet the standards for either a CPC or COA.

## III. Discussion

In Harris v. Johnson, this court set out the standards for issuance of a CPC:

> To obtain a CPC, [the petitioner] must make a substantial showing of the denial of a federal right. "This standard does not require petitioner to show that he would prevail on the merits, but does require him to show the issues presented are debatable among jurists of reason." Further, in a capital case we properly may consider the nature of the penalty in deciding whether to grant a CPC but, as we have observed, that fact alone does not suffice to justify the issuance of a CPC.

Harris v. Johnson, 81 F.3d 535, 538 (5th Cir. 1996) (citations omitted).

In appeals alleging violations of the requirements of voir dire in state court cases, federal courts are limited to enforcing the commands of the United States Constitution. Mu'min v. Virginia, 500 U.S. 415, 422, 111 S.Ct. 1899, 1903 (1991). Trial

5

court judges have traditionally been afforded much latitude in choosing how to conduct voir dire, and their decisions on voir dire are usually respected by appellate courts as within the trial court's discretion.  Id. at 422-23; 1903-04.

Herman argues he is entitled to a CPC because the trial court's refusal to inform him what instruction would be given to jurors in the penalty trial on evaluating mitigating evidence deprived him of his right to intelligently exercise his peremptory challenges. However, peremptory challenges are not constitutional rights, Georgia v. McCollum, 505 U.S. 42, 57, 112 S.Ct. 2348, 2358 (1992), and Herman does not claim that non-constitutional federal rights were violated.  Beyond the limitation that challenges may not be used for the purposes of excluding jurors solely on the basis of race or gender, J.E.B. v. Alabama ex rel. T.B., 511 U.S. 127, 114 S.Ct. 1419 (1994), there are few other rights connected to peremptory challenges.  The Supreme Court has stated:

> [W]e reject the notion that the loss of a peremptory challenge constitutes a violation of the constitutional right to an impartial jury. We have long recognized that peremptory challenges are not of constitutional dimensions.  They are a means to obtain the end of an impartial jury.  So long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated.

Ross v. Oklahoma, 487 U.S. 81, 88; 108 S.Ct. 2273, 2278 (1988) (citations omitted).

The trial court judge was soundly within his discretion when he refused to allow detailed questioning of veniremen on the legal standard they would use to evaluate mitigating evidence.  Herman

never alleged the jury seated in his trial was unfair or unable to properly evaluate mitigating evidence. The judge afforded both parties considerable latitude in investigating possible juror bias in voir dire, and was under no obligation to give Herman the very wide license he sought. See, e.g., Mu'Min, 500 U.S. 415, 111 S.Ct. 1899. Herman has made no showing that the trial court's refusal to allow Herman to question individual veniremen on this topic was a denial of any federal or constitutional right.

Thus Herman would not have been entitled to CPC and is not entitled to COA.

For that reason, the motion for a certificate of probable cause is DENIED.

APPEAL DISMISSED.