112 F.3d 518
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Felix PADILLA-DURAN, aka Felix; aka John Doe, Defendant-Appellant.
 No. 96-56109.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 28, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Felix Padilla-Duran, a federal prisoner, appeals pro se from the district court's orders denying his 28 U.S.C. § 2255 motion and motion for reconsideration seeking to vacate his 235-month sentence for narcotics offenses. We review de novo a district court's decision on a section 2255 motion. See Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.[1]
 
 
 3
 Padilla-Duran contends that the sentencing court improperly calculated his criminal history category because it included a prior gun conviction that has been expunged. Padilla-Duran has waived this allegation of non-constitutional sentencing error by failing to raise it in his direct appeal. See United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1994). To the extent his contention has constitutional overtones, it lacks merit in any event. In his section 2255 motion, Padilla-Duran expressly acknowledged that his prior conviction was set aside and dismissed pursuant to California Penal Code section 1203.4. See Cal. Penal Code § 1203.4 (1996) (set aside conviction may be used in any subsequent prosecution).[2] Accordingly, the sentencing court properly used the conviction in calculating his criminal history category. See USSG § 4A1.2, comment. (n. 10) (noting that convictions set aside under state law are to be counted in computing criminal history).
 
 
 4
 Padilla-Duran next contends that the sentencing court improperly relied on uncorroborated hearsay when it attributed the six loads of marijuana totaling over 1,000 kilograms to Padilla-Duran. To the extent this allegation is one of non-constitutional sentencing error, it is waived by Padilla-Duran's failure to raise it on direct appeal. See Schlesinger, 49 F.3d at 485. To the extent it is of a constitutional nature, it lacks merit. The sentencing judge specifically found that the testimony regarding Padilla's involvement with each load was reliable because (1) the testimony of each codefendant regarding the loads was specific and detailed as well as corroborated by the other codefendants and (2) the evidence introduced at trial regarding the vehicles used in each load also corroborated the testimony that Padilla-Duran was involved in each transaction. See United States v. Petty, 982 F.2d 1365, 1369 (9th Cir.1993) (no due process violation as long as minimal indicia of reliability accompanies hearsay statement used at sentencing).
 
 
 5
 The district court properly denied Padilla-Duran's section 2255 motion and motion for reconsideration.[3]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the denial of relief under the former version of 28 U.S.C. §§ 2255 and 2253, we need not address the government's contention that a certificate of appealability is required under the Antiterrorism and Effective Death Penalty Act of 1996. See Lowell v. Prunty, 91 F.3d 1358, 1359 (9th Cir.1996) (leaving undecided whether the Act's certificate of appealability requirement applies to pending cases), cert. denied, 1997 WL 49015 (1997)
 This court has jurisdiction because Padilla-Duran has submitted a notarized statement confirming that he placed his notice of appeal in the prison mail system within the sixty days specified in Fed.R.App. 4(a) and (c). See Houston v. Lack, 487 U.S. 266, 276 (1988).
 
 
 [2]
 Padilla-Duran uses the term "expunged" for the first time on appeal
 
 
 [3]
 On appeal Padilla-Duran also contends that: (1) the district court erred by imposing a USSG § 3C1.1 enhancement for obstruction of justice and a section 3B1.1 enhancement for his role in the offense; (2) the presentence report contained uncorroborated allegations that were untruthful; and (3) appellate counsel was ineffective for not appealing the sentencing enhancements imposed by the court. We do not address these issues because Padilla-Duran did not raise them in his section 2255 motion and the district court did not address them. See United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993); see also Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.1994) (cannot raise additional grounds for relief in traverse)