**Garry Phillip WATSON, Petitioner—Appellant,**

v.

**J.W. FAIRMAN, Warden, Respondent—Appellee.**

No. 03–55579.

D.C. No. CV–99–08686–CBM.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2004.*

Decided May 18, 2004.

Garry Phillip Watson, Ione, CA, pro se.

Wayne R. Young, Santa Monica, CA, for Petitioner–Appellant.

Chung L. Mar, Kerry Keach Winters, AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before BROWNING, RYMER, and GRABER, Circuit Judges.

MEMORANDUM**

Gary Phillip Watson appeals the district court's denial of his petition for writ of habeas corpus. We issued a certificate of appealability on one issue, whether Watson's Fifth Amendment right against self-incrimination was violated when he admitted prior felony convictions at sentencing. This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d)(1), and we conclude that the California Court of Appeal's decision was neither contrary to, nor involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court.

Even if clearly established federal law did require advice of the consequences of admitting priors, cf. *United States v. Timmreck,* 441 U.S. 780, 782–84, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979), the California Court of Appeal reasonably found that there was no likelihood that Watson's sentence would have been any different. The prosecution was ready to prove the priors, and Watson has never disputed their validity. *See Lowell v. Prunty,* 91 F.3d 1358, 1359 (9th Cir.1996) (per curiam).

We decline to consider Watson's remaining claims of ineffective assistance of counsel, lack of due process and impeded access to the courts as they are beyond the scope of the certified issue. *See* 28 U.S.C. § 2253(c).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.